OTT, Judge.
This was a negligence action by a tenant against his landlord arising out of the alleged failure of the landlord to exercise reasonable care in the maintenance and repair of a common stairway.
The case went to the jury on instructions as to the standard of care, comparative negligence and special verdict that were most favorable to the defendant.
The jury returned its special verdict finding the landlord solely negligent and awarding the tenant $7,000 in damages.
Upon the landlord’s motion the trial court entered judgment for the landlord, notwithstanding the jury verdict.
The evidence in the case was in direct-conflict. Plaintiff/appellant testified that he had fallen while descending an interior stairway in the apartment building in which he lived; that he caught his foot on a loose antenna wire — black in color — which ran just under the lip of a step; that the stairway was reasonably dark because the only light in the vicinity was blocked by a protruding porch; that he had previously noted the loose wire, reattached it under the stair lip, informed the landlord thereof and requested that he correct the condition.
The landlord, on the other hand, testified that he inspected the premises daily and had never seen any such wire; flatly denied *371 that the appellant had ever complained about any loose wire running across the stairway or requested any repair.
There was competent evidence before the jury which it was their prerogative to believe. Credibility of the witnesses, the weight to be given the evidence and whether the actions of the parties were reasonable were all distinctly within the province of the jury. Under the circumstances the trial court erred in substituting its judgment for that of the jury. See Rosenfelder v. Huttoe, 66 So.2d 226 (Fla.1953); Dixon v. Thompson, 217 So.2d 887 (Fla. 1st DCA 1969).
We therefore reverse the trial court, order the judgment set aside and direct that judgment be entered on the jury verdict. Having so determined it is unnecessary to consider the remaining point on this appeal.
Reversed and Remanded.
McNULTY, Acting C. J., and RYDER, J., concur.