384 So.2d 145 (1980)
BAPTIST MEMORIAL HOSPITAL, INC., Grace I. Sagcal, and St. Paul Fire and Marine Insurance Co., Petitioners,
v.
Clayton A. BELL, As Personal Representative of the Estate of Melissa Y. Bell, Respondent.
No. 55501.
Supreme Court of Florida.
April 24, 1980.
Rehearing Denied June 24, 1980.
William M. Howell of Howell, Howell, Liles, Braddock & Milton, Jacksonville, for petitioners.
Hugh M. Davenport of Smith, Davenport, Bloom & Harden, Jacksonville, for respondent.
OVERTON, Justice.
This is a petition for writ of certiorari to review a decision of the First District Court of Appeal, reported at 363 So.2d 28 (Fla. 1st DCA 1978), which reversed the trial court's order directing a new trial on the issue of damages. We find conflict with Castlewood International Corp. v. LaFleur, 322 So.2d 520 (Fla. 1975), and Cloud v. Fallis, 110 So.2d 669 (Fla. 1959). We have jurisdiction.[1] We quash the decision of the district court and reinstate the trial court's order directing a new trial.
The relevant facts reflect that the trial concerned damages only, the defendant having admitted liability. The jury returned a verdict for $450,000. Upon the defendant's motion for a new trial or for a remittitur, the trial court granted a new trial, finding: (1) the size of the verdict was grossly excessive and shocked the conscience of the court; (2) the verdict was contrary to the manifest weight of the evidence; (3) the jury considered matters outside the record, including the amount of taxes which might have to be paid on the jury verdict, the amount of attorney's fees, and the amount of other costs and expenses; and (4) plaintiff's counsel had made an improper "Golden Rule" argument in his *146 closing statement. The district court reversed the trial court's order for a new trial and remanded for reinstatement, finding the verdict was neither excessive nor contrary to the manifest weight of the evidence; the jury's consideration of matters outside the record was harmless; and the remarks made by counsel were timely objected to by defendant's counsel and a sufficient cautionary instruction was given by the trial court. In reversing the trial court, the district court did not expressly find that the trial court abused its discretion.
In entering its order granting a new trial, we find that the trial court properly applied the dictates of this Court in Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978). We further find that the district court failed to properly apply the broad discretion rule granted to trial courts as expressed in our decisions in Castlewood and Cloud. We stated in Cloud:
When a motion for new trial is made it is directed to the sound, broad discretion of the trial judge, .. . who because of his contact with the trial and his observation of the behavior of those upon whose testimony the finding of fact must be based is better positioned than any other one person fully to comprehend the processes by which the ultimate decision of the triers of fact, the jurors, is reached, ... .
.....
Inasmuch as such motions are granted in the exercise of a sound, broad discretion the ruling should not be disturbed in the absence of a clear showing that it has been abused... . [Citations omitted.]
110 So.2d at 673.
The trial judge is granted this discretionary power because it is impossible to establish a strict rule of law for every conceivable situation which could arise in the course of a trial. In Castlewood, we recognized that the district court had failed to find an abuse of discretion by the trial judge and held:
Mere disagreement from an appellate perspective is insufficient as a matter of law to overturn a trial court on the need for a new trial. The trial judge "was in a much better position than an appellate court to pass on the ultimate correctness of the jury's verdict." [Citation omitted.]
322 So.2d at 522.
The discretionary power to grant or deny a motion for new trial is given to the trial judge because of his direct and superior vantage point. In accordance with Wackenhut, the judge must give express reasons which will support his finding that the verdict is either against the manifest weight of the evidence or was influenced by consideration of matters outside the record. The trial judge in the instant case clearly followed the mandate of Wackenhut and, in fact, cited it in his order.
In reviewing this type of discretionary act of the trial court, the appellate court should apply the reasonableness test to determine whether the trial judge abused his discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). As we stated in Cloud, the ruling should not be disturbed in the absence of a clear showing that it has been abused, and there has been no such showing in the instant case. From this record the action of the trial judge was reasonable although reasonable men may differ.
For the reasons expressed, we quash the decision of the district court of appeal and direct a reinstatement of the order granting a new trial.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD and ALDERMAN, JJ., concur.
SUNDBERG, J., concurs in result only.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.