401 So.2d 1341 (1981)
FORD MOTOR COMPANY, Petitioner,
v.
James A. KIKIS, Respondent.
No. 59634.
Supreme Court of Florida.
July 30, 1981.
*1342 Monroe E. McDonald of Sanders, McEwan, Mims & McDonald, Orlando, and Edward T. O'Donnell of Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, for petitioner.
Walter R. Moon and Edward Casoria, Jr., of Rush, Marshall, Bergstrom & Robison, Orlando, for respondent.
ENGLAND, Justice.
This case presents one issue which we have never addressed and another issue which we have never stopped addressing. The first requires clarification of the "expressly" requirement in this Court's constitutional jurisdiction to resolve conflicting appellate decisions. Art. V, § 3(b)(3), Fla. Const. The second revisits the role of the districts courts of appeal when reviewing a trial judge's order granting a motion for a new trial.
On Ford's motion, the trial court vacated a jury verdict for Kikis, directed a verdict for Ford, and entered judgment on the verdict. The court alternatively granted Ford's motion for a new trial[1] on the grounds that the verdict was contrary to the manifest weight of the evidence and that the court had erred in refusing to give an instruction requested by Ford. On appeal, the district court reversed the trial court's judgment, directing that the jury verdict be reinstated and judgment enter for Kikis. Kikis v. Ford Motor Co., 386 So.2d 306 (Fla. 5th DCA 1980). Ford asks us to review that decision on the basis of an express and direct conflict with prior appellate decisions.
The first issue  the meaning of the expressly requirement  arises from the fact that the district court below did not identify a direct conflict of its decision with any other Florida appellate decisions. The court's opinion discusses, however, the basis upon which it reversed the trial court's entry of a directed verdict for Ford. This discussion, of the legal principles which the court applied supplies a sufficient basis for a petition for conflict review. It is not necessary that a district court explicitly identify conflicting district court or supreme court decisions in its opinion in order to create an "express" conflict under section 3(b)(3).[2]
The second issue in this proceeding is a product of the district court's ambiguous reasoning. The court reversed the trial court on the grounds that "there was evidence in the record to support the jury verdict and no reversible trial error occurred warranting either a judgment for the defendant or a new trial."[3] Its subsequent analysis addresses whether there was evidence in the record to support the jury verdict. This inquiry is relevant to review of the trial court's grant of a directed verdict, but not to the alternative grant of a new trial. We have stated and restated the appropriate standard for district courts on review of a trial court's motion granting a new trial. The test is whether the trial court abused its "broad discretion." If reasonable men could differ as to the propriety of the action taken by the trial court, then there is no abuse of discretion. See Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla. 1980); Cloud v. Fallis, 110 So.2d 669 (Fla. 1959); Rivera v. White, 386 So.2d 1233 (Fla. 3d DCA 1980).
*1343 The district court's apparent failure to apply this standard requires that we quash the decision and remand this cause solely for a reexamination of the trial court's alternative grant of a new trial.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON and ALDERMAN, JJ., concur.
NOTES
[1] The order provided that "should the foregoing Final Judgment be reversed by the Appellate Court, the Defendant's Motion for New Trial ... is ... granted... ."
[2] See England, Hunter & Williams, Constitutional Jurisdiction of the Supreme Court of Florida: 1980 Reform, 32 U. Fla. L. Rev. 147, 188-89 (1980).
[3] Kikis v. Ford Motor Co., 386 So.2d at 306-07 (footnote omitted and emphasis added).