ORFINGER, Chief Judge,
concurring in part and dissenting in part:
In this wrongful death action where the trial court granted a new trial as to damages only on the claim of the decedent’s estate and on the claims of the other beneficiaries, I assume that in affirming the trial court’s order on the authority of Ford Motor Company v. Kikis, 401 So.2d 1341 (Fla.1981), the majority relies on the following portion of that decision:
We have stated and restated the appropriate standard of review of a trial court’s motion [sic] granting a new trial. The test is whether the trial court abused its “broad discretion.” If reasonable men could differ as to the propriety of the action taken by the trial court, then there is no abuse of discretion.
Id. at 1342.
As indicated by the Kikis court, the standard is not new. Neither do I read it as intending to overrule the requirements of Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978), that the trial judge must give express reasons which will support his finding that the verdict is either against the manifest weight of the evidence or was influenced by consideration of matters outside the record. This requirement is restated in Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla.1980), which in turn is recognized in Kikis.
Thus, as I see it, to determine if the trial court abused its discretion in granting a new trial, the district court must first examine the stated reasons supporting that order. Before we reach the question of reasonableness, we must first apply the Wackenhut test of sufficiency. If the reasons given are legally insufficient, then there is no basis upon which we can apply a test of “reasonableness” to determine if discretion was abused. There is no “discretion” absent a legally sufficient foundation on which to base it.
Here, although the trial court properly found that the verdict in favor of the estate of Gerald Queen was not supported by the evidence, it made no such finding as to the other claims. The only basis upon which the verdicts for the other plaintiffs were set aside is this statement in the order appealed from: “In that it appears that the jurors were in error, mistaken or confused as to the estate claim, it is more likely that the respective awards as to the .other claims suffer a similar, if not the same infirmity." (emphasis supplied).
In my opinion, the quoted language does not meet the Wackenhut test. See International Insurance Company v. Ballon, 403 So.2d 1071 (Fla. 4th DCA 1981). It lacks the specificity required and leaves one with the conclusion that the trial judge sat as a seventh juror and exercised his veto power, which he is forbidden to do. Wackenhut, 359 So.2d at 435; Laskey v. Smith, 239 So.2d 13 (Fla.1970).
I would affirm the order granting a new trial on damages as to the estate claim, but reverse it in all other respects.