478 So.2d 1100 (1985)
Elizabeth ELEY and State Farm Fire & Casualty Co., Appellants,
v.
Carlos MORIS, Appellee.
No. 85-424.
District Court of Appeal of Florida, Third District.
October 29, 1985.
Rehearing Denied December 18, 1985.
*1102 Barnett & Clark and Frank J. Allocca, Coral Gables, for appellants.
Friedman & Friedman and John S. Seligman, Coral Gables, for appellee.
Before HENDRY, NESBITT and FERGUSON, JJ.
NESBITT, Judge.
The defendants appeal an order granting the plaintiff a new trial. We reverse.
This litigation arose out of an automobile accident occurring in April 1982. The plaintiff, Moris, brought this action under the Florida Automobile Reparations Reform Act, sections 627.730-.741, Florida Statutes (1981), against the defendants, Eley and her insurer, State Farm Fire & Casualty Company. In his complaint alleging negligence on the part of Eley, the plaintiff sought recovery of medical expenses and general damages based on permanent injury. See § 627.737(2)(b), Fla. Stat. (1981).
At the trial, conflicting evidence was presented as to whether or not the plaintiff sustained a permanent injury. The testimony of three doctors was presented to the jury. Dr. Mims, the court-appointed examiner, testified that within a reasonable degree of medical probability, the plaintiff did not suffer a permanent injury as a result of the automobile accident. Dr. Mateo's deposition was read to the jury and the testimony therein indicated he had found that the plaintiff suffered a "six to eight percent permanent partial disability" as a result of the accident. Dr. Alonso's deposition was also read to the jury, but it did not include a finding on permanent injury one way or the other.
After deliberating, the jury returned with an improperly completed verdict form. On this verdict form, the jury had found the defendant Eley 100% negligent and awarded $5,000 in medical expenses. The errors were that, under the evidence presented, the maximum amount for medical expenses that could have been awarded was $390, and the jury had failed to determine whether or not the plaintiff had suffered permanent injuries which would have allowed an award of general damages. After the errors were explained to the jury, it again retired to deliberate. Subsequently, the jury returned a properly completed verdict form, awarding the plaintiff $390 for medical expenses and finding the plaintiff had not suffered a permanent injury, thus awarding no general damages. The jury was polled and each juror indicated that the verdict accurately reflected their decision. Upon plaintiff's motion, the trial court ordered a new trial, finding that the jury was confused and the award of $390 was grossly inadequate and against the manifest weight of the evidence.
It is undisputed that the award of $390 for medical expenses was supported by the evidence and made in accordance with the instructions given to the jury. The dispute concerns the jury's failure to award general damages.
The relevant law is clearly set forth in the controlling statute:
In any action of tort brought against the owner, registrant, operator, or occupant of a motor vehicle with respect to which security has been provided as required by ss. 627.730-627.741, or against any person or organization legally responsible for his acts or omissions, a plaintiff may recover damages in tort for pain, suffering, mental anguish, and inconvenience because of bodily injury, sickness, or disease arising out of the ownership, maintenance, operation, or use of such motor vehicle only in the event that the injury or disease consists in whole or in part of:

*1103 ... .

Permanent injury within a reasonable degree of medical probability. ... [emphasis added]
§ 627.737(2)(b), Fla. Stat. (1981). Absent a finding of permanent injury by the jury, it could not award general damages for pain, suffering or any of the other elements of damages set forth in section 627.737(2). The verdict form submitted to the jury properly reflected this law. In a special interrogatory it asked whether the plaintiff had "suffered a permanent injury within a reasonable degree of medical probability as a result of this automobile accident". Following the interrogatory were spaces to check either "yes" or "no." The verdict form then explained that if the answer to the question was "no," the jury should not continue to the next question which asked what the total amount of damages were to the plaintiff. The jury found that the plaintiff had not suffered a permanent injury and marked the space "no." Accordingly, it did not award general damages under the next question.
We first deal with the trial court's conclusion that the verdict was against the manifest weight of the evidence. This whole issue turns on the jury's finding that the plaintiff had not sustained a permanent injury. See § 627.737(2)(b). As previously indicated, the evidence on this point was conflicting; Dr. Mims testified that the plaintiff had not sustained a permanent injury as a result of the accident, while Dr. Mateo's testimony indicated a six to eight percent permanent partial disability. The jury simply chose to believe Dr. Mims. Certainly, this is no basis for the trial court's conclusion that the verdict was against the manifest weight of the evidence. See Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978).
The trial court's conclusion that an award of $390 was "grossly inadequate" is also unsupportable. Once the jury's finding that the plaintiff sustained no permanent injury is accepted, it follows that the most the jury could have awarded under the law and the instructions given it was $390 for medical expenses. Thus, the verdict rendered was in accordance with the law and the instructions given to the jury.
We also reject the trial court's conclusion that the verdict was the result of jury confusion. Although the jury was initially confused, that confusion was cleared up when the errors in the first verdict form were pointed out by the court to the jury and the jury retired again to reconsider the case in light of the evidence and the instructions given. The revised verdict form was properly completed and the verdict rendered was consistent with the law and the jury instructions. We hold that, absent other circumstances, the mere fact that a jury corrects an improperly completed verdict form upon instruction is not a sufficient basis to order a new trial because of jury confusion.
Finally, in support of its order, the trial court relied upon the fact that the jury had asked the court an irrelevant question during its initial deliberations as to whether or not the plaintiff's car was insured. The court used this fact to support its conclusions as to jury confusion and that the jury was influenced by factors outside the evidence and the instructions. The court responded to the jury by writing back, "You must rely upon your collective independent recollection of the evidence and the law that I've given you."[1] In the absence of a clear showing to the contrary, it must be presumed that the jury followed the court's instructions and applied the law to the facts as it found them. See National Car Rental System, Inc. v. Holland, 269 So.2d 407, 412 (Fla. 4th DCA 1972), cert. denied, 273 So.2d 768 (Fla. 1973). In any event, the irrelevant question asked by the jury certainly could have had no bearing on its critical finding that the plaintiff had not suffered a permanent injury.
*1104 In rendering this decision, we acknowledge the broad discretionary power given to the trial judge to grant or deny a motion for a new trial because of his direct and superior vantage point. Castlewood International Corp. v. LaFleur, 322 So.2d 520 (Fla. 1975). This superior vantage point, however, does not give a trial judge unbridled discretion to order a new trial. Wackenhut, 359 So.2d at 434. Where, as here, the reasons set forth by the trial judge do not support the conclusions relied upon by the judge as a basis for the order granting a new trial,[2] an abuse of discretion is established. See Wackenhut.
Accordingly, we find that the trial court abused its discretion by acting as a "seventh juror with veto power," Wackenhut, 359 So.2d at 437, when it granted the plaintiff's motion for a new trial. The order under review is reversed and the cause remanded with instructions to enter judgment on the jury verdict.
NOTES
[1] It is unclear from reviewing the record how or when this circumstance occurred, but no objection has been made on appeal with regard to the court's instruction.
[2] The great majority of "reasons" given by the trial court in support of its order, see Wackenhut, relate to the apparent inconsistencies in the initial verdict form. Upon instruction, however, the jury corrected these inconsistencies in its final verdict. Accordingly, most of the reasons given, which would have been sufficient if the initial improper verdict remained the verdict of the jury, are no longer viable.