525 So.2d 868 (1988)
Bill T. SMITH, Etc., et al., Petitioners,
v.
Katherine S. BROWN, Respondent.
No. 71304.
Supreme Court of Florida.
May 26, 1988.
*869 Stephen C. McAliley & Associates, West Palm Beach, and Michael B. Davis of Davis Hoy & Diamond, West Palm Beach, for petitioners.
Craig W. Lekach of Lekach & Klitzner, Fort Lauderdale, for respondent.
GRIMES, Justice.
The Fourth District Court of Appeal in Smith v. Brown, 511 So.2d 659 (Fla. 4th DCA 1987), certified the following question to us as one of great public importance:
WHETHER THE REASONABLE MAN STANDARD, AS SET FORTH IN BAPTIST MEMORIAL HOSPITAL v. BELL, [384 So.2d 145 (Fla. 1980)], APPLIES TO THE TRIAL COURT'S DETERMINATION THAT THE JURY VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, OR RATHER TO ITS PERCEPTION OF THE EVIDENCE?
Id. at 660. We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution.
In the oft-cited case of Cloud v. Fallis, 110 So.2d 669 (Fla. 1959), this Court set forth the standard of review for an order which grants a new trial because the verdict was against the manifest weight of the evidence.
When the judge, who must be presumed to have drawn on his talents, his knowledge and his experience to keep the search for the truth in a proper channel, concludes that the verdict is against the manifest weight of the evidence, it is his duty to grant a new trial, and he should always do that if the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record, Martin v. Stone [Fla., 51 So.2d 33], supra, Turner v. Frey [Fla., 81 So.2d 721], supra, Myers v. Atlantic Coast Line Railroad Co., Fla., 86 So.2d 792; Florida Publishing Co. v. Copeland, Fla., 89 So.2d 18.
Inasmuch as such motions are granted in the exercise of a sound, broad discretion the ruling should not be disturbed in the absence of a clear showing that it has been abused. Dent v. Margaret Ann Super Markets, Fla., 52 So.2d 130; Geffrey v. Langston Const. Co., Fla., 58 So.2d 698; Pyms v. Meranda [Fla., 98 So.2d 341], supra.
Id. at 673.
Thereafter, in Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla. 1980), we explained the standard to be applied by an appellate court in determining whether the entry of such an order constituted an abuse of discretion.
In reviewing this type of discretionary act of the trial court, the appellate court should apply the reasonableness test to determine whether the trial judge abused his discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then the action *870 is not unreasonable and there can be no finding of an abuse of discretion.
Id. at 146.
Since the majority opinion below contains neither facts nor analysis, we have some difficulty in discerning the precise issue which prompted the court to certify the question. From statements in the dissenting opinion and comments made by counsel at oral argument, it appears that the court is uncertain with respect to whether a trial judge can order a new trial when the credibility of witnesses is at issue.
Clearly, it is a jury function to evaluate the credibility of any given witness. Fierstos v. Cullum, 351 So.2d 370 (Fla. 2d DCA 1977). Moreover, the trial judge should refrain from acting as an additional juror. Laskey v. Smith, 239 So.2d 13 (Fla. 1970). Nevertheless, the trial judge can and should grant a new trial if the manifest weight of the evidence is contrary to the verdict. Haendel v. Paterno, 388 So.2d 235 (Fla. 5th DCA 1980). In making this decision, the trial judge must necessarily consider the credibility of the witnesses along with the weight of all of the other evidence. Ford v. Robinson, 403 So.2d 1379 (Fla. 4th DCA 1981). The trial judge should only intervene when the manifest weight of the evidence dictates such action. However, when a new trial is ordered, the abuse of discretion test becomes applicable on appellate review. The mere showing that there was evidence in the record to support the jury verdict does not demonstrate an abuse of discretion. Ford Motor Co. v. Kikis, 401 So.2d 1341 (Fla. 1981).
Applying these principles to the instant case, we agree that the order granting the new trial must be sustained. While the credibility of the respondent was substantially attacked, we are unable to say, after viewing the evidence as a whole, that reasonable men could not have concluded that the verdict for petitioners was against the manifest weight of the evidence.
We approve the decision of the district court of appeal.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT and KOGAN, JJ., concur.