527 So.2d 939 (1988)
Robert M. CASE, D.P.M., Appellant,
v.
Ethel F. BENTLEY, Appellee.
No. 87-2992.
District Court of Appeal of Florida, Second District.
July 1, 1988.
*940 Edwin L. Ford and Frank Strelec of Dart, Ford, Strelec & Spivey, P.A., Sarasota, for appellant.
Bruce D. Frankel of Goldberg, Rubinstein & Buckley, P.A., Fort Myers, for appellee.
PER CURIAM.
In this medical malpractice case defendant appeals from the trial court's order granting a new trial after the jury had found in defendant's favor. We reverse.
We conclude that the order did not comply with the requirement that a trial court may not grant a motion for new trial if reasonable men can differ as to whether the verdict was against the manifest weight of the evidence, unless the trial court properly makes an independent determination that the jury was influenced by considerations outside the record. Fitzgerald v. Molle-Teeters, 520 So.2d 645, 648 (Fla. 2d DCA 1988).
We do not conclude that Smith v. Brown, 525 So.2d 868 (Fla. 1988), calls for a different result. Smith, quoting from Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla. 1980), phrases the standard of appellate review of orders granting motions for new trial on the basis that a verdict was against the manifest weight of the evidence as being that "[i]f reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion." As explained in Fitzgerald, that standard is essentially the same as the standard referred to in the preceding paragraph.
The Smith opinion also contains the proposition that a trial court, in granting a motion for new trial, is not entirely precluded from reevaluating the credibility of witnesses. In that regard Smith says, "[T]he trial judge must necessarily consider the credibility of the witnesses along with the weight of all of the other evidence." 525 So.2d at 870. While the underlying basis for our conclusion in this case that the trial court erred in granting the motion for new trial under the standard of appellate review was that the trial court improperly reevaluated the credibility, or validity, of the testimony of the expert witness for defendant, that basis is, in our view, not inconsistent with Smith. As Smith also says, "[I]t is a jury function to evaluate the credibility of any given witness." (Emphasis added.) We conclude that the trial court's order in this case went beyond the foregoing permissible extent under Smith. For example, included in the order are findings that "[t]he plaintiff's expert testified with strong conviction as to the breaches of the standard of care ... and the causation of the [condition of plaintiff alleged to have resulted from defendant's malpractice]. Defendant's expert testified with equal conviction to the contrary" and "the Court could have found liability as a matter of law but for the opinions of the defendant's expert witness."
*941 Reversed and remanded for reinstatement of the jury verdict and for other proceedings consistent with this opinion.
RYDER, A.C.J., and LEHAN and FRANK, JJ., concur.