532 So.2d 722 (1988)
MONTGOMERY WARD & CO., INC., d/b/a Jefferson Stores, Appellant,
v.
Jennifer POPE, Appellee.
No. 87-1537.
District Court of Appeal of Florida, Third District.
September 20, 1988.
Rehearing and Rehearing Denied November 23, 1988.
Stinson, Lyons, Gerlin & Bustamante and Thomas B. Bourque, Miami, for appellant.
Joseph C. Segor, Stephen Cahen, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and FERGUSON, JJ.
Rehearing and Rehearing En Banc Denied November 23, 1988.
PER CURIAM.
Affirmed. Baptist Memorial Hosp., Inc. v. Bell, 384 So.2d 145 (Fla. 1980); Cloud v. Fallis, 110 So.2d 669 (Fla. 1959).
HUBBART and FERGUSON, JJ., concur.
SCHWARTZ, Chief Judge (dissenting).
This is an appeal from an order granting a new trial on damages alone on the ground that the amount returned by the jury was inadequate and contrary to the manifest weight of the evidence.
The plaintiff, a teenage girl, slipped and fell on a wet spot in a Montgomery Ward Store. She admittedly suffered some injuries to her hip and back which apparently cleared up within a few months. The primary damage issue at trial, however, concerned her contention that she also sustained a permanent neurological and psychological condition which manifested itself in several bizarre and debilitating symptoms. As to that point, the evidence was in complete conflict, as to such questions as whether she even struck her head when she fell. More important, there were highly regarded experts who gave testimony on each side of the key issues of whether the plaintiff was actually suffering from such a neurological injury and, if so, whether it was related to the accident. The jury returned a verdict for the plaintiff of $2,000 reduced to $1800 by ten percent comparative negligence, but the trial judge granted her a new trial and the defendant has appealed.
The appellate review of a new trial order such as this has long been governed by two apparently contradictory principles and *723 sets of supporting decisions, both of which are often applied by the same court in the same year and, sometimes, even cited in the same opinion. E.g., Smith v. Brown, 525 So.2d 868 (Fla. 1988). One, which the court finds controlling, is to the effect that a new trial order is an act of judicial discretion by the lower court, and that the court of appeal may not properly substitute its judgment for the trial judge's absent a clear abuse of that discretion. See Smith v. Brown, 525 So.2d at 870; Ford Motor Co. v. Kikis, 401 So.2d 1341 (Fla. 1981); Baptist Memorial Hosp., Inc. v. Bell, 384 So.2d 145 (Fla. 1980); Castlewood Int'l Corp. v. LaFleur, 322 So.2d 520 (Fla. 1975); Cloud v. Fallis, 110 So.2d 669 (Fla. 1959). The other principle is that the trial court should not sit as a so-called "seventh juror," substituting his or her resolution of the factual issues for that of the jury; if it does, the new trial order must be reversed. E.g., Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978); Laskey v. Smith, 239 So.2d 13 (Fla. 1970); Hodge v. Jacksonville Terminal Co., 234 So.2d 645 (Fla. 1970), cert. denied, 400 U.S. 904, 91 S.Ct. 142, 27 L.Ed.2d 141 (1970); Evering v. Smithwick, 526 So.2d 185 (Fla.3d DCA 1988); Fitzgerald v. Molle-Teeters, 520 So.2d 645 (Fla.2d DCA 1988), review denied, 529 So.2d 694 (Fla. 1988); Waltman v. Prime Motor Inns, Inc., 446 So.2d 185 (Fla.3d DCA 1984), approved in part, vacated in part, 480 So.2d 88 (Fla. 1985); Corbett v. Seaboard Coastline, R.R., 375 So.2d 34 (Fla.3d DCA 1979), cert. denied, 383 So.2d 1202 (Fla. 1980). The overwhelming trouble is that, despite valiant efforts to do so, e.g., Smith v. Brown, 525 So.2d at 870, no test has been devised to determine into what class of decisions a particular case falls.[1] Thus, the courts are usually relegated to a process in which both contradictory principles of review are set forth, following which, as in Smith v. Brown, 525 So.2d at 870, a conclusory statement adopting one or another of the principles and either affirming or reversing the order below is simply announced.
In the absence of a generalized principle which can serve the appellate purpose  perhaps because it is impossible to articulate one  I think we should acknowledge that we necessarily have been and are still making these determinations on what is more or less a "gut reaction" to the facts and circumstances and the order below in the particular instance.[2] Having duly considered, then, both the record and the state of my internal organs, I conclude that the $2,000 in damages fell well within the jury's province as to the extent of the injuries admittedly suffered in the accident and that it was similarly purely a jury question as to whether the psychological-neurological injuries claimed by the plaintiff were non-existent or non-related. Of the many cases which might be cited for this conclusion,[3]North Dade Golf, Inc., v. Clarke, 439 So.2d 296 (Fla.3d DCA 1983), pet. for review denied, 449 So.2d 264 (Fla. 1984), is perhaps the closest. There, experts gave diametrically conflicting evidence as to whether a heart attack was the result of the accident in question. The jury's conclusion that there was no relation was preempted by a new trial order. This court reversed that determination. Accord Fitzgerald v. Molle-Teeters, 520 So.2d at 645; see also Eley v. Moris, 478 So.2d 1100 (Fla.3d DCA 1985) (improper for trial court to grant new trial when jury resolved conflicting medical testimony as to permanency); Perenic v. Castelli, 353 So.2d 1190 (Fla. 4th DCA 1977) (same), cert. denied, 359 So.2d 1211 (Fla. 1978) (same). I believe that the order below falls within the "seventh juror" principles, or, putting it in terms of the newest permutation of the *724 rule as stated in Smith v. Brown, 525 So.2d at 870, that "reasonable [persons] could not have concluded that the verdict for [the appellant] was against the manifest weight of the evidence."
I would therefore reverse the order under review and reinstate the verdict.
NOTES
[1] That this is true is graphically demonstrated by the fact that, within six weeks after Smith was decided, the second district in Case v. Bentley, 527 So.2d 939 (Fla.2d DCA 1988), upon a meticulous, perhaps overly so, dissection of its language, was able to come to what seems to be a completely opposite result.
[2] I freely acknowledge that, in an opinion authored by myself, we have specifically denied trial judges the right to resort to just this factor as a basis for decision. Springfield Life Ins. Co. v. Edwards, 375 So.2d 1120, 1124 (Fla.3d DCA 1979). Such is life, which is not fair.
[3] The appellee cites just as many for the contrary result.