HARRIS, Judge,
concurring specially:
The conundrum involving the sanctity of the jury verdict versus the discretion of the trial judge in its decision to grant a new trial is again before us. Although we have now received guidance from our Supreme Court, the answer remains complex and, with all due respect, somewhat elusive.
The Supreme Court recognizes that it is difficult for the appellate court to harmonize the law concerning the trial court’s role in granting a new trial and our responsibility on appeal to review the action of the trial judge in granting the new trial. On the one hand, the trial court is not to substitute its opinion for that of the jury; on the other hand, the trial court’s decision must be affirmed if a reasonable person could agree with it.
In order to assist us in resolving this conundrum, the Supreme Court has recommended Judge Schwartz’s dissenting opinion in Montgomery Ward & Co. v. Pope, 532 So.2d 722, 722-724 (Fla. 3d DCA 1988), as being instructive. In Pope, Judge Schwartz suggests that in resolving these conflicting principles, the appellate judge must rely on his or her “gut reaction”. In Pope, Judge Schwartz, perhaps tongue in cheek, tells us that his internal organs convinced him that the trial court had erred in granting the new trial.
*568 Although it seems somewhat incongruous in this day when courts are staffed with multiple law clerks and have computers with amazing capabilities that we should make decisions of this moment by reading our entrails, Judge Schwartz’s suggestion has a certain attraction. But there may be a standard less amorphous.
There is an alternative, also workable, resolution of this problem, if we are permitted to assume that no reasonable person could agree with a trial court which makes its decision from the perspective of a seventh juror. If we make this assumption, we have a basis for choosing which of the two conflicting principles to apply.
There is a fine distinction, but a distinction nevertheless, between merely disagreeing with the jury verdict which would not justify the grant of a new trial and a finding that the verdict is so out of line with the evidence that it shocks (or tends to shock) the conscience of the court. For example, if there is conflicting evidence on a certain element of damages and the jury verdict is within the evidential range, then if the trial court grants a new trial on the basis of the amount of those damages, the court is merely weighing the evidence differently than the jury. A grant of a new trial on this basis would be error. If, however, the disagreement concerns an element of damages that is not subject to precise measurement but is left to the enlightened conscience of the jury (such as pain and suffering), if the trial court finds that such award is inconsistent with the injury, and if a reasonable person could agree with the trial court, then the grant of a new trial should be affirmed. In other words, our role on appeal would be to determine from the record if the trial court’s decision is based on a disagreement with the jury on what weight is to be given conflicting evidence (seventh juror) or is the result of utter astonishment (conscience shocking) at the result reached by the jury on an element of damages based on imprecise proof. In the latter case, there is no evidence “reweighing” because there was no specific evidence presented.
Unfortunately, in this case, the trial court (as reflected by its new order) has done both. It has reweighed the evidence and its conscience has been shocked by the award for “pain and suffering.” This leaves only the Schwartz test. My “gut reaction” is that the order should be affirmed.