711 So.2d 610 (1998)
Donald E. CLOUGH, Appellant,
v.
William Clyde CHRISTOPHER and Tina Christopher, etc., Appellee.
No. 97-1738.
District Court of Appeal of Florida, Fifth District.
May 15, 1998.
*611 Michael H. Hatfield, P.A., Umatilla, for Appellant.
Philip J. Chanfrau of Chanfrau & Chanfrau, Daytona Beach, for Appellees.
W. SHARP, Judge.
Clough, the defendant in a personal injury action, appeals from an order granting a new trial to the plaintiffs, William Christopher and his mother, Tina Christopher. The trial judge ruled that the plaintiffs were entitled to a new trial, pursuant to Florida Rule of Civil Procedure 1.530, because the jury's finding that Christopher was the sole cause of his injuries was against the manifest weight and import of the evidence. The court held fundamental error occurred when the defense argued that Clough had never been issued a traffic citation in all of his years of driving, citing Elsass v. Hankey, 662 So.2d 392 (Fla. 5th DCA 1995). We affirm.
The standard of review on appeal is an abuse of discretion test. Due to the trial judge's favored vantage point, this test is highly differential:
In reviewing [an order for a new trial] the appellate court should apply the reasonableness test to determine whether the trial judge abused his [or her] discretion. If reasonable [persons] could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion.
E.R. Squibb & Sons, Inc. v. Farnes, 697 So.2d 825, 827 (Fla.1997), quoting Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145, 146 (Fla.1980).
The difficulty of harmonizing that concept with the also well-established doctrine that the trial judge must not sit as a "seventh juror" and substitute his or her own resolution of factual issues for that of the jury,[1] has been the subject of frequent comments.[2] However, the mere showing that there was evidence in the record to support the jury verdict does not by itself demonstrate an abuse of discretion. Smith v. Brown, 525 So.2d 868 (Fla.1988). The trial judge must make a specific finding that the manifest weight of the evidence is contrary to the verdict. Smith, 525 So.2d at 869. The trial judge did so in this case and we cannot, as an appellate panel, say reasonable persons *612 could not have agreed with him. We do not reach the Elsass issue.
AFFIRMED.
DAUKSCH, J., and SCHEB, J.M., Senior Judge, concur.
NOTES
[1] E.R. Squibb & Sons, Inc. v. Farnes, 697 So.2d 825 (Fla.1997); Poole v. Veterans Auto Sales & Leasing Co., Inc., 668 So.2d 189 (Fla.1996); Smith v. Brown, 525 So.2d 868 (Fla.1988).
[2] See Veterans Auto Sales & Leasing Co., Inc. v. Poole, 683 So.2d 567, 568 (Fla. 5th DCA 1996), Harris, J., concurring ("The supreme court recognizes that it is difficult for the appellate court to harmonize the law concerning the trial court's role in granting a new trial and our responsibility on appeal to review the action of the trial judge in granting the new trial. On the one hand, the trial court is not to substitute its opinion for that of the jury; on the other hand, the trial court's decision must be affirmed if a reasonable person could agree with it."); Montgomery Ward & Co., Inc. v. Pope, 532 So.2d 722, 723 (Fla. 3d DCA 1988), Schwartz, CJ., dissenting ("The appellate review of a new trial order ... had long been governed by two apparently contradictory principles and sets of supporting decisions, both of which are often applied by the same court in the same year and, sometimes, even cited in the same opinion.")