782 So.2d 927 (2001)
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellant,
v.
Errol ROSARIO, Appellee.
No. 2D99-2584.
District Court of Appeal of Florida, Second District.
March 23, 2001.
David H. McClain of McClain & Associates, P.A., Tampa, for Appellant.
James W. Holliday and Timothy F. Prugh of Prugh and Associates, P.A., Tampa, for Appellee.
PER CURIAM.
The Florida Department of Transportation (DOT) appeals from the trial court's order granting a new trial in this personal injury action. DOT argues that the record supports the jury's finding of no damages as a result of the accident and, therefore, the trial court erred in overturning the verdict. We agree and reverse.
On May 22, 1997, the appellee, Errol Rosario, was stopped in traffic on State Road 60 in Brandon when his vehicle was struck in the rear in a chain-reaction accident caused by a vehicle owned by DOT. Rosario sued DOT, claiming that he had sustained back injuries as a result of the accident. The trial court granted summary judgment on the issue of liability in Rosario's favor, and the case went to trial on the issues of causation and damages.
Rosario had suffered from back problems prior to the 1997 accident. He had a laminectomy in 1991 and was treated for back pain in 1993. He again sought treatment for his back after he suffered a serious one-car accident in 1995. In obtaining treatment for the 1997 accident involving DOT, he neglected to inform his treating physicians of the 1995 accident or the 1993 treatment. He also neglected to inform DOT in his answers to interrogatories of twenty-four treatments for back pain by Dr. Keller in 1993-1995. At trial, his explanation was that he had forgotten about the treatments.
Rosario's doctors testified that Rosario suffered a permanent injury in the 1997 accident. DOT's expert testified that he did not. DOT showed the jury a surveillance videotape of Rosario lifting and carrying produce in his delivery job. At the close of the evidence, the court granted *928 Rosario a directed verdict as to the reasonableness and necessity of his medical expenses, leaving only the issue of causation for the jury. The jury found that DOT's negligence was not a legal cause of damage to Rosario and that Rosario did not suffer a permanent injury as a result of the accident. The trial court granted Rosario a new trial on the issue of damages, finding that "it was undisputed that the Plaintiff did suffer some damages from this collision" and that the verdict was against the manifest weight of the evidence.
Rosario argues that at a minimum he is entitled to an award to reimburse his expenses for diagnostic testing and treatment for the aggravation of his preexisting back condition. He relies on Sparks-Book v. Sports Authority, Inc., 699 So.2d 767 (Fla. 3d DCA 1997), for the proposition that he was entitled to the cost of diagnostic testing to determine whether the accident caused his injuries notwithstanding the jury's finding of no causation.
These arguments do not support Rosario's position. The record reflects that: Rosario had preexisting back problems for which he had surgery and extensive treatments; he showed a lack of candor with his treating physicians and in his answers to interrogatories; a videotape depicted his on-the-job physical capabilities; and expert medical opinions conflicted as to the issue of causation. Based on this substantial competent evidence and the instructions presented to it, the jury could conclude that Rosario suffered no damages as a result of the 1997 accident. Thus, because the jury's verdict was not against the manifest weight of the evidence, we determine that the trial court abused its discretion in granting the motion for a new trial. See Brown v. Estate of Stuckey, 749 So.2d 490 (Fla.1999); Smith v. Brown, 525 So.2d 868 (Fla.1988).
Reversed.
PATTERSON, C.J., and FULMER and WHATLEY, JJ., concur.