PER CURIAM.
Vicky Pack sued Geico General Insurance Company (“Geico”) for injuries suffered following a car collision with an uninsured motorist. The evidence was undisputed that Pack suffered at least a neck sprain as a result of the accident and had medical expenses related to the diagnosis of the sprain. The jury returned a verdict for zero damages. Pack appeals the trial court’s denial of her motion for new trial. We reverse, holding that under the facts of this case, Pack was entitled to the reasonable medical expenses incurred for diagnostic testing, and the failure to award any damages rendered the verdict both against the manifest weight of the evidence and inadequate.
*1286 Pack also contends that she is entitled to a new trial because the trial court denied her motion in limine and permitted the defense to introduce a letter of protection between her and her treating physician who testified as her expert witness on her claim of more serious injuries to her neck. Under Section 90.608(2), Florida Statutes (2009), any party may impeach a witness’s credibility by showing that the witness is biased. We affirm the lower court’s ruling because a letter of protection between a plaintiff and a treating physician is relevant to show potential bias.

Factual Background

Pack was involved in a multi-car accident with an uninsured driver. She had an uninsured motorist policy through Gei-co. At trial, Geico admitted the negligence of the driver; therefore the issue for the jury was whether that negligence was the legal cause of the loss, injury, or damage sustained by Pack.
Pack’s medical expert, Dr. Gieseke, is a neurosurgeon who examined Pack upon a referral from the emergency room doctor. Treatment commenced under a letter of protection.
Each medical expert testifying at trial agreed that an injury was caused by the accident. However, they differed as to the severity of the injury. Dr. Gieseke explained that Pack suffered a neck sprain from which he could feel a neck spasm. He also diagnosed her with a fracture and disc herniation. Geico’s medical expert, Dr. Routman, stated that the accident caused only a neck sprain.
Prior to the accident at issue, Pack was twice hospitalized with complaints including neck pain. During examinations after the accident, she did not reveal either pri- or hospitalization to either Dr. Gieseke or Dr. Routman. She testified that the neck pain on both occasions was minor and incidental to other more severe injuries.
The jury returned a verdict stating that the uninsured driver’s negligence was the legal cause of damage to Pack. However, the jury awarded Pack zero damages for past or future medical expenses and declared her injury non-permanent. Pack moved for a new trial on the bases that the verdict was both inadequate and against the manifest weight of the evidence. The motion was denied. Pack now appeals, claiming the trial court error erred by denying a new trial and by allowing evidence of a letter of protection.

Analysis

I. Manifest Weight of the Evidence and Inadequate Verdict

Generally, a plaintiff may recover the medical expenses for diagnostic testing which were reasonably necessary to determine whether the accident caused her injuries. Sparks-Book v. Sports Authority Inc., 699 So.2d 767, 768 (Fla. 3d DCA 1997). This is true whether or not the jury finds the accident to be the legal cause of the injury. Id.
An exception to the general rule exists when certain factors are met. In State, Department of Transportation v. Rosario, 782 So.2d 927, 928 (Fla. 2d DCA 2001), the court listed the factors that could allow a jury to award a zero verdict regardless of any medical expenses incurred. These factors include pre-existing injuries with extensive treatments, lack of candor with treating physicians, videotapes that show actual physical capabilities, and expert medical opinions which conflict as to causation. Id. The court upheld the zero verdict because the evidence supported the fact the “jury could conclude that [the plaintiff] suffered no damages as a result of the ... accident.” Id.
In this case, there is no evidence that Pack’s prior neck injuries required *1287 extensive treatments. There were no videotapes depicting her physical capabilities. Finally, both the plaintiff and defense experts agreed that Pack suffered at least a neck sprain as a result of the accident. Therefore, the jury had no reasonable basis to conclude that Pack suffered no injury as a result of the accident, and the verdict was against the manifest weight of the evidence.
Further, because Pack was awarded zero damages, the verdict is inadequate as a matter of law. “The test to be applied in determining the adequacy of a verdict is whether a jury of reasonable [persons] could have returned that verdict.” Griffis v. Hill, 230 So.2d 143, 145 (Fla.1969). Because the exception to the general rule, requiring payment of diagnostic testing, does not apply, Pack was entitled to at least the medical costs for reasonable diagnostic testing.

II. Letter of Protection

Any party may attack the credibility of a witness by exposing a potential bias. § 90.608(2), Fla. Stat. (2009). Evidence pertaining to a letter of protection between a plaintiff and her treating physician, when that treating physician testifies as an expert on the plaintiffs behalf, is relevant to show potential bias. See Carnival v. Jimenez, 112 So.3d 513, 520 (Fla. 2d DCA 2013); see also Allstate Inc. Co. v. Boecher, 733 So.2d 993, 997 (Fla.1999) (“A jury is entitled to know the extent of the financial relationship between the party and the witness.... ”).
Pack argues that evidence pertaining to a letter of protection, absent a referral relationship from the lawyer to the doctor, is not relevant according to this court’s prior ruling in Katzman v. Rediron Fabrication, Inc., 76 So.3d 1060 (Fla. 4th DCA 2011). In Katzman, this court held that a letter of protection is not sufficient in itself to allow discovery of an expert beyond that permissible under Florida Rule of Civil Procedure 1.280(b)(4)(A). This court stated that a referral from a lawyer to the expert witness doctor injects the doctor into the litigation and therefore the balance shifts in favor of allowing discovery. Katzman, 76 So.3d at 1064. However, this court did not state that a letter of protection is not relevant to show potential bias.
Similarly, Steinger, Iscoe & Greene v. GEICO General Insurance Co., 103 So.3d 200 (Fla. 4th DCA 2012) does not state that letters of protection are irrelevant to show potential bias. In Steinger, this court held that discovery of letters of protection was premature. Id. At 206. Steinger is distinguishable because, in that case, Geico sought discovery of all letters of protection between the law firm and four medical providers regardless of whether the letters of protection pertained to the plaintiff in that case. Id. at 203. The purpose of discovering the letters of protection in Steinger was to expose the extent of the financial relationship between the law firm and the treating physicians. Id. at 205. This court held that because the discovery went beyond that permissible under Florida Rule of Civil Procedure 1.280(b)(5)(A), it was premature absent a showing of a financially beneficial relationship between the law firm and the doctors, including a referral relationship. Id. at 206.
Both Katzman and Steinger are inappo-site to the instant case because they pertain to discovery of financial information beyond what is generally permissible under Florida Rule of Civil Procedure 1.280. Neither case stands for the proposition that evidence pertaining to a letter of protection between a plaintiff and her treating physician is not relevant to show a potential bias when that treating physician testifies as the plaintiffs medical expert. *1288 Therefore, the trial court properly admitted the evidence pertaining to the letter of protection because it was relevant to show a potential bias.
Therefore, we reverse and remand for a new trial on damages for Pack’s undisputed, non-permanent neck sprain.[1]

Reversed and remanded for further proceedings.

WARNER, CONNER, JJ., and LEVENSON, JEFFREY, R., Associate Judge, concur.

. Pack argues a new trial on liability is warranted because the first interrogatory on the verdict form used "damage” rather than "injury,” thus the jury may have answered "yes” to the interrogatory because Pack's vehicle was damaged. We disagree with Pack's argument. Nothing in the jury instructions or closing arguments would have suggested to the jury that physical damage to Pack’s vehicle was an issue to be decided by the jury. The jury expressly determined Pack did not suffer a permanent injury. As to that issue, the jury’s verdict was not against the manifest weight of the evidence.