IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Appellant,

v.                                   Case No. 5D16-3980

JOSEPH V. FERRANTI,

      Appellee.

_____/

Opinion filed September 28, 2018

Appeal from the Circuit Court
for Brevard County,
George B. Turner, Judge.

Rhonda B. Boggess and Gina P. Grimsley,
of Taylor, Day, Grimm & Boyd, Jacksonville,
for Appellant.

Christopher V. Carlyle, of The Carlyle
Appellate Law Firm, Orlando, and O. John
Alpizar and Andrew B. Pickett, of Alpizar
Law, LLC, for Appellee.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Appellant,

v.                                   Case No.  5D17-756

JOSEPH V. FERRANTI,

      Appellee.

_____/

Opinion filed September 28, 2018

Appeal from the Circuit Court
for Brevard County,
George B. Turner, Judge.

Rhonda B. Boggess, of Taylor, Day, Grimm
& Boyd, Jacksonville, for Appellant.

Christopher V. Carlyle, of The Carlyle
Appellate Law Firm, Orlando, and O. John
Alpizar and Andrew B. Pickett, of Alpizar
Law, LLC, for Appellee.

COHEN, C.J.

State Farm appeals from a jury verdict in favor of Joseph Ferranti. State Farm
raises several issues, arguing that the trial court erred in granting partial summary
judgment regarding causation, granting Ferranti's motion in limine pertaining to his prior
lower back injury, failing to give a special jury instruction concerning diagnostic expenses,
and awarding costs and attorney's fees.[1] We reverse and remand for a new trial.

In 2013, a negligent driver struck Ferranti's vehicle from behind while he was
driving. Ferranti filed suit against State Farm based on an automobile insurance contract
between the parties that provided uninsured/underinsured motorist coverage ("UM/UIM
coverage"). Ferranti alleged severe permanent injury to his "head, neck, body, limbs and
nervous system," aggravation of preexisting conditions, pain and suffering, and property
damage. Through pleadings and discovery, Ferranti asserted injuries to his neck, lower
back, and hip.

---

[1] We reject Ferranti's jurisdictional challenge. See Fla. R. App. P. 9.110(*l*).

2

Ferranti moved for partial summary judgment on the issues of liability and causation. In doing so, he relied on Pack v. Geico General Insurance Co., 119 So. 3d 1284 (Fla. 4th DCA 2013), in which the court noted, "Generally, a plaintiff may recover the medical expenses for diagnostic testing which were reasonably necessary to determine whether the accident caused her injuries. This is true whether or not the jury finds the accident to be the legal cause of the injury." 119 So. 3d at 1286 (citation omitted).

State Farm conceded negligence was not at issue but disputed causation and damages. State Farm relied upon Ferranti's deposition testimony to establish issues of material fact regarding his pre-existing medical conditions, which included lower back pain from a prior car accident. State Farm argued that the issue of causation presented a jury question and that the motion was premature.[2] The trial court granted Ferranti's motion, ruling that causation was established as a matter of law because "the tortfeasor . . . was a legal cause of some loss, injury or damages." (emphasis added). We disagree.

Ferranti's reliance on Pack to support the summary judgment is unavailing because the procedural posture of Pack was the denial of a motion for new trial after the jury returned a verdict for zero damages on undisputed evidence that the plaintiff suffered, minimally, a neck sprain as a result of the accident. Id. at 1285. In denying a new trial, the court noted that the insurer "admitted the negligence of the driver; therefore, the issue for the jury was whether that negligence was the legal cause of the loss, injury, or damage sustained by" the plaintiff. Id. (emphasis added). In this case, despite the trial court's finding that Ferranti suffered "some" injury, Ferranti did not seek summary judgment on

---

[2] While State Farm noted that discovery was ongoing, it did not file a motion to continue the hearing.

the limited issue of diagnostic expenses; rather, Ferranti moved on the entire issue of causation. The limited holding in Pack, that diagnostic expenses are recoverable even if the jury finds the accident was not the legal cause of the plaintiff's injury, does not control the resolution of the summary judgment issue.

Rather, a review of Ferranti's deposition supports State Farm's position. In his deposition, Ferranti indicated that he had been in a prior car accident in 2004 from which he suffered back, arm, leg, and knee injuries and pain. Ferranti confirmed that he had lower back pain due to the 2004 accident, which required him to walk with a cane because he could "hardly walk at that time." Ferranti dealt with lower back issues as late as January 2008, and he was still taking pain medication for the injuries related to the 2004 accident up to the date of the 2010 accident.

In addition, Ferranti arguably recognized these issues of material fact, as he voluntarily dismissed any claim for damages to his lower back just before trial. He then sought by motion in limine to exclude any evidence relating to his lower back, arguing that such was "no longer relevant or material to any issue in the case." At the hearing on the motion, Ferranti acknowledged that there was "overwhelming evidence that . . . he had preexisting low back problems." However, at the time the trial court ruled on the summary judgment motion, those claims were alive and well.

By granting partial summary judgment, the trial court improperly removed the issue of whether the 2010 accident caused Ferranti's claimed injuries from the jury's consideration. See Clay Elec. Coop., Inc. v. Johnson, 873 So. 2d 1182, 1185 (Fla. 2003) ("A summary judgment deprives a party of his or her right to trial and must be exercised with restraint; any doubts must be resolved in favor of the nonmoving party."). We find the

4

trial court erred in granting partial summary judgment regarding causation and damages when Ferranti's deposition testimony revealed, and he himself later conceded, that there was overwhelming evidence of preexisting conditions which directly related to the issue of causation.

Because we are remanding this case for a new trial, we find it appropriate to discuss other evidentiary issues which are likely to reoccur.[3] The trial court conditionally granted Ferranti's motion in limine precluding evidence of his lower back injuries unless that evidence became relevant during Ferranti's case. In granting the motion, the court concluded that State Farm had not demonstrated a nexus between the lower back injuries and the injuries for which Ferranti was seeking to recover at trial, which included a neck injury causing herniation of multiple cervical discs, and upper and mid-back damage. State Farm defended on the theory that the injuries for which Ferranti was seeking to recover were not causally related to the 2010 accident.

On appeal, State Farm argues that the trial court abused its discretion in granting the motion in limine preventing State Farm from introducing evidence of Ferranti's prior injuries and treatments relating to his lower back. State Farm contends that Ferranti's lower back injuries were intertwined with medical causation and directly related to the issues of legal causation and damages. State Farm also contends that the lower back injuries and treatments were relevant to the issue of permanency, pain and suffering, causation, and disability because that evidence would have supported State Farm's argument that Ferranti suffered from a degenerative disc condition and that his neck

---

[3] However, we decline to reach the jury instruction issue raised by State Farm because, on remand, the causation issue will be framed differently.

issues were unrelated to the accident. Lastly, State Farm argues that the evidence was admissible because Ferranti presented some evidence relating to lower back injuries, thus opening the door to such evidence.[4]

In turn, Ferranti relies on Health First, Inc. v. Cataldo, 92 So. 3d 859 (Fla. 5th DCA 2012), in which this Court held that because the plaintiff dropped a claim for specified damages, evidence that the plaintiff "allegedly misrepresented her . . . injuries generally is inadmissible because it constitutes impeachment on a collateral issue." 92 So. 3d at 861. However, Ferranti's reliance on Cataldo in moving in limine to exclude evidence regarding his prior lower back injury is unpersuasive. While we did hold in Cataldo that evidence regarding the plaintiff's dropped claim was inadmissible based on the facts of the case, we also recognized that "there might be circumstances under which the evidence in this case might be relevant and thus admissible." Id. at 866. Here, State Farm was not attempting to use Ferranti's lower back injury for impeachment purposes; instead, it sought to establish that Ferranti's injuries were preexisting and that his pain and suffering was unrelated to the claims asserted at trial. Thus, Cataldo is inapposite.

Ferranti's testimony and answers to certain interrogatories demonstrated that his neck, upper and mid-back, and lower back injuries were interconnected, as those injuries affected Ferranti's daily life. For example, Ferranti testified at trial that his neck injury affected his ability to drive, use a computer, or sit in a movie because he becomes numb and has sharp pain in his shoulders. However, in answers to interrogatories, he attributed his inability to sit for long periods to his lower back injury as well as the related injuries:

---

[4] Because this last issue is unlikely to reoccur at the new trial, it does not merit discussion.

I am in constant pain in my neck and back. At times I experience leg weakness and give way. I frequently experience muscle spasms in my neck and back and have restricted range of motion in all areas of my spine as a result of the injuries sustained in the accident. I also experience numbness, tingling, weakness and cramping in my hands. The pain in my mid back is constant and it radiates into the low back and chest, causing me shortness of breath. I have constant low back pain and am unable to do many activities that I previously was able to do. I am limited in the amount of time that I can stand, sit or lay in one position. The pain in my low back radiates into my legs and knees. It hurts when I stand. I have numbness and tingling in both of my feet.

State Farm's proffer of Ferranti's treating physician's deposition testimony indicated the interconnection between all of Ferrari's injuries. Dr. Weiss acknowledged that after the 2010 accident, Ferranti's complaints of lower back pain were equal in severity to the complaints regarding his neck. Dr. Weiss also indicated that Ferranti has preexisting lower back issues, had received steroidal injections for those issues, and that the lower back pain affected Ferranti's ability to do everyday tasks. He further testified in deposition that Ferranti's subjective complaints were all interrelated:

> Q. He reports constant low-back pain that has increased in severity. States he can't do anything. He reports shortness of breath from the pain. He cannot stand up straight. He keeps a cane by his bed to help lift him up. He's been spending a lot of time in bed due to increased low-back pain. Pain radiates to lower extremities with pain in his knees; hurts to try to stand; reports bilateral numbness and tingling to feet.
>
> A. That's a combination of all those. The MRIs showed just small herniations in the back, so I don't think that all of those are due to the back. They're due to the knees and the hip and to the herniated disc in the thoracic spine. Those attribute to not being able to stand up straight.

In addition, State Farm's expert, Dr. Foley, opined that Ferranti's current injuries resulted from a preexisting spinal condition and degeneration of the spine. Dr. Foley

opined that Ferranti's injuries were not causally related to the 2010 accident but rather, were "a typical appearance of a chronic disease." Introduction of Ferranti's prior lower back injuries would have supported State Farm's defense that Ferranti's degenerative disc condition, and not the 2010 accident, caused the injuries for which he sought to recover at trial.

JVA Enterprises, I, LLC v. Prentice, 48 So. 3d 109 (Fla. 4th DCA 2010), is instructive to the issue. In Prentice, the plaintiff filed a negligence suit based on a herniated disc in his neck at the C6–C7 level resulting from injuries suffered in 2003 and 2004. Id. at 111. The plaintiff denied that he was seeking to recover for any preexisting injuries, but the defendants discovered that he had a 1991 worker's compensation claim for injuries to his back, neck, and shoulder, including "a degenerative disc disease at C5–6 and disc bulges at C3–4 and C4–5." Id. at 111–12. Prior to trial, the plaintiff filed a motion in limine, seeking to preclude admission of the 1991 worker's compensation records "because they were unrelated to the 2003 and 2004 injuries." Id. at 112. The plaintiff contended that those records revealed a completely different injury that was unrelated to his current claim. Id. The trial court granted the motion. Id. The defense proffered testimony at trial that the plaintiff's preexisting injuries were permanent in nature. Id. The Fourth District Court of Appeal reversed for a new trial, finding that the plaintiff's argument that his 1991 injuries were wholly unrelated to his current claim, despite the similarity in injury, "was a matter of argument for trial, as opposed to exclusion from evidence." Id. at 114. The court further noted that "[t]he improper exclusion of evidence thwarted the defense efforts to attack [the plaintiff's] credibility and challenge the cause of his current physical complaints and limitations." Id.

Here, Ferranti's lower back injury was relevant to his other claims for neck and back injuries as it related to overall damages for permanency as well as pain and suffering. Ferranti's injuries and complaints were virtually identical to those suffered and compensated in the prior accident. A preexisting condition similar to that suffered in a later accident is relevant to the jury's determination of a plaintiff's claim of permanency and for pain and suffering. See id. Thus, the trial court abused its discretion in excluding evidence of Ferranti's prior lower back injuries.[5]

REVERSED AND REMANDED.

EDWARDS, J., and PLEUS, R., Senior Judge, concur.

---

[5] The reversal of the jury's verdict results in reversal of the judgment on attorney's fees and costs.