672 So.2d 100 (1996)
Bill RUCKER, et al., Appellants,
v.
GARLOCK, INC., Appellee.
No. 95-190.
District Court of Appeal of Florida, Third District.
April 24, 1996.
*101 Arnold R. Ginsberg and Todd R. Schwartz; Ratiner, Reyes & O'Shea, Miami, for appellants.
Rumberger, Kirk & Caldwell and George N. Meros, Jr. and Mary W. Chaisson, Tallahassee, and M. Stephen Smith and Stuart L. Cohen, Miami, for appellee.
Before NESBITT, LEVY and GODERICH, JJ.
NESBITT, Judge.
Bill and Roberta Rucker sued Garlock, Inc., a manufacturer and distributor of asbestos products, claiming Bill Rucker had incurred damages as a result of asbestos exposure. Based upon discovery violations, the trial court struck Garlock's pleadings and the cause proceeded to trial on damages only. At trial, Rucker presented expert evidence that he had an asbestos-related disease. Garlock introduced expert testimony that Rucker was well. Garlock argued that there was insufficient indication of asbestosis, and thus, Rucker had suffered no damage. The jury returned a verdict in Garlock's favor. Rucker's main point on appeal is his claim that the trial court erroneously submitted the issue of causation to the jury. We affirm the order under review.
Decisions regarding jury instructions are within the sound discretion of the trial court and should not be disturbed on appeal absent prejudicial error. Prejudicial error requiring reversal of judgment or new trial occurs only where the error complained of has resulted in a miscarriage of justice. A miscarriage of justice arises where instructions are reasonably calculated to confuse or mislead the jury. Goldschmidt v. Holman, 571 So.2d 422 (Fla.1990); Reyka v. Halifax Hosp. Dist., 657 So.2d 967 (Fla. 5th DCA 1995); Broward County v. Russell, Inc., 589 So.2d 983 (Fla. 4th DCA 1991); § 59.041, Fla.Stat. (1995).
Rucker points to two of the trial judge's decisions at the charge conference to support the claim that he is entitled to a new trial. First, the trial judge denied Rucker's request for Florida Standard Jury Instruction 3.1(d), which as requested, read:
The court has determined and now instructs you, as a matter of law, that Garlock, Inc. was negligent and that such negligence was a legal cause of injury and damages to Bill Rucker and Roberta Rucker. Bill Rucker and Roberta Rucker are therefore entitled to recover from Garlock, Inc. for such injury and damages as are shown by the greater weight of the evidence to have thus been caused.
The court has determined and now instructs you, as a matter of law, that Garlock, Inc. is strictly liable and that such defective product was a legal cause of injury and damages to Bill Rucker and Roberta Rucker. Bill Rucker and Roberta Rucker are therefore entitled to recover from Garlock, Inc. for such injury and damages as are shown by the greater weight of the evidence to have thus been caused.
Rucker argued that because causation was not at issue, he was entitled to have this preemptive instruction given. Garlock's response was that this standard instruction took for granted that damages had resulted, a contested issue in this case. The court declined to give the instruction.
We recognize that a tailored version of this instruction might have been helpful to Rucker, but we also agree that, as proposed, the instruction might have misled the jury *102 into thinking they were obligated to find some damage had occurred as a result of exposure to asbestos, an issue here hotly contested. That is, even with causation not at issue, plaintiff was still obligated to prove some connexity between the damages claimed and exposure to asbestos. The instruction as proposed by Rucker was not necessary and, in fact, may have well been misleading if given.
Second, Rucker argues that the trial court erroneously put causation at issue when it adopted Garlock's proposed verdict form. That form was identical to Rucker's proposed form except Garlock's form included the initial question:
1. Did Plaintiff Bill Rucker suffer any damages from exposure to asbestos?
We disagree with Rucker's claim that this question misled the jury by raising the issue of causation.
Throughout the trial, defense counsel told the jury on a number of occasions that injury resulting from asbestos was what they were being asked to determine. Rucker's counsel recognized that Florida law required him to prove his client had an asbestos-related injury before he could recover any damages. Rucker's counsel told the jury in his opening statement:
The only issue that you are going to be asked to decide in this courtroom is the amount of damages that have been suffered by Bill Rucker as a result of his exposure to asbestos. That's the only issue.
Similarly, Rucker's counsel later argued:
[T]he only question is does he [Rucker] have an asbestos-related disease and if he does, how severe is it....
Counsel also stated:
The question in this case is only the amount of damages. Now, they can argue that because he didn't have asbestos or because their doctor doesn't think he has asbestos, I think the amount of damages are zero....
Counsel argued:
Now, they can contest the fact that as a result of all of the exposure to asbestos, whether it be very small or great or somewhere in the middle as a result of that, we don't believe that he suffered any damages. They can put Dr. Feingold on there and say regardless of how much asbestos this man was exposed to, I don't believe that he has a disease or the disease is only at this level....
In sum, while charges better tailored to Rucker's claim and the burden Rucker carried in this case might have been given, we cannot conclude that the jury was misled or confused by the charge as given, or that any miscarriage of justice occurred. See Goldschmidt, 571 So.2d at 422; § 59.041, Fla.Stat. (1995). On the evidence presented, a jury could have simply concluded that Rucker suffered no injury resulting from exposure to asbestos.
Accordingly, the order under review is affirmed.