682 So.2d 586 (1996)
Harris KATZ and Robert Katz, Appellants,
v.
Medhi GHODSI and Valeria Ghodsi, Appellees.
No. 94-2949.
District Court of Appeal of Florida, Third District.
October 23, 1996.
Rehearing Denied November 27, 1996.
*587 Richard A. Sherman and Rosemary B. Wilder, Fort Lauderdale; Barnett Hill Barnard & Neal, Miami, for appellants.
Arnold R. Ginsberg and Todd R. Schwartz, Miami; Sams, Martin, Spier, Lister & Virgen; Robert Corirossi, Miami, for appellees.
Before SCHWARTZ, C.J., and COPE and LEVY, JJ.
COPE, Judge.
Harris Katz and Robert Katz appeal an order granting new trial. We reverse.
This is a rear-end collision case in which defendant Harris Katz drove his car into the back of a car operated by plaintiff Medhi Ghodsi. Plaintiff Ghodsi sued defendant Katz for personal injury.[1] Defendant admitted liability for the accident.
Defendant challenges the trial court's decision to direct a verdict in favor of plaintiff on the issue of permanent injury. Defendant's point is well taken.
All physicians who testified at trial agreed that the plaintiff has a herniated disk in his back. Plaintiff testified that prior to the accident, he had never had back trouble or back pain. The physicians testified that, assuming plaintiff's self-report of his medical history was correct, then it was their opinion that the herniated disk was caused by the automobile accident.
Plaintiff had been given an MRI three weeks after the automobile accident. The defense expert, and one of the plaintiff's experts, testified that there was desiccation of the herniated disk. They testified that while this could have occurred in the three weeks between the accident and the MRI, the desiccation could also indicate a herniation which occurred at a time prior to the automobile accident.
The defense expert also testified that certain of the plaintiff's complaints simply could not be correlated to the herniated disk or the automobile accident at all. This observation was partially concurred with by one of the plaintiff's experts.
Based on the foregoing and on the plaintiff's testimony, defendant argued that plaintiff should not be believed. Defendant suggested that the plaintiff's back problems likely originated in his occupation, which involved heavy lifting. Defendant also asserted that plaintiff's account of his post-accident symptoms and activities was self-contradictory and unworthy of belief.
The trial court granted plaintiff a directed verdict on permanency, on the theory that there was no conflict in the expert testimony. The experts all agreed that the plaintiff has a herniated disk and that this constitutes a permanent injury. The experts had also testified that, assuming the plaintiff's self-report of his medical history was correct, the permanent injury was attributable to the automobile accident. Defendant opposed the directed verdict, contending that under the circumstances, the question of permanency was one for the jury. Defendant was correct.
*588 The instant case is controlled by Easkold v. Rhodes, 614 So.2d 495 (Fla.1993). In that case the expert medical opinions were premised on plaintiff's "self-report of no previous trauma and no history of neck or back pain prior to the ... accident." Id. at 497. However, there was contradictory evidence "from which the jury could have concluded that [plaintiff] did not accurately report her medical history...." Id. at 498. The court ruled:
As we explained in Shaw [v. Puleo, 159 So.2d 641 (Fla.1964)], "even though the facts testified to by [the medical expert] were not within the ordinary experience of the members of the jury, the jury was still free to determine their credibility and to decide the weight to be ascribed to them in the face of conflicting lay evidence."
614 So.2d at 498 (citation omitted); see also Weygant v. Fort Myers Lincoln Mercury, Inc., 640 So.2d 1092, 1094 (Fla.1994); Travieso v. Golden, 643 So.2d 1134, 1135 (Fla. 4th DCA 1994), review denied, 661 So.2d 827 (Fla.1995); Rice v. Everett, 630 So.2d 1184, 1186 (Fla. 5th DCA 1994); United States Fidelity & Guaranty Co. v. Perez, 622 So.2d 486 (Fla. 3d DCA 1993); Smith v. Houston, 551 So.2d 551 (Fla. 2d DCA 1989), review denied, 564 So.2d 1086 (Fla.1990). Here there was lay testimony, and a certain amount of expert testimony, which contradicted the plaintiff's position and/or supported defendant's position.
Having granted the directed verdict on the issue of permanency, the trial court allowed the jury to consider plaintiff's claim for pain, suffering, mental anguish, and inconvenience. See Easkold v. Rhodes, 614 So.2d at 497 n. 1; § 627.737(2)(b), Fla. Stat. (1991). The jury returned a verdict of $20,550 for past medical expenses and lost wages, and $10,000 for past pain and suffering. The jury awarded zero for future medical expenses and lost future earnings, and zero for future pain and suffering.[2]
On motion by plaintiff, the trial court granted a new trial. The trial court ruled that the verdict was against the manifest weight of the evidence because there had been no award of future damages even though plaintiff's herniated disk was a permanent injury.
We reverse the new trial order. The question whether the defendant had caused permanent injury in this case was a matter for the jury to decide. When the case went to the jury, the jury was not told that the court had directed a verdict on the issue of permanent injury. Instead, the case went to the jury under standard jury instructions, which allowed the jury to decide whether there was an aggravation of an existing disease or physical defect, or whether the evidence showed that plaintiff had sustained a permanent injury.[3] The jury's verdict is consistent with a determination that the plaintiff's herniated disk was a preexisting condition which had been aggravated by the accident, that compensation was appropriate for the time period prior to the trial, but that future problems related to the herniated disk were not attributable to the defendant.
Under the circumstances, the plaintiff's motion for new trial should have been denied. "Since it was solely for the jury to resolve these conflicts and consider the weight of the disputed testimony, the trial judge had no right to interfere." Oakes v. Pittsburgh Corning Corp., 546 So.2d 427, 430 (Fla. 3d DCA 1989).[4]
For the reasons stated, the order under review is reversed and the cause remanded with directions to reinstate the jury verdict.
NOTES
[1] Plaintiff's wife Valeria Ghodsi joined as a plaintiff, asserting a claim for loss of consortium.

Plaintiff also asserted a claim for vicarious liability against Robert Katz, the lessee of the vehicle driven by Harris Katz.
[2] Valeria Ghodsi was awarded $5,450 for loss of consortium. No challenge to that award is involved on this appeal.
[3] The only effect of the directed verdict on permanent injury was that the jury was allowed to consider the claim for pain and suffering. The jury was not asked to make a specific finding on the issue of permanency.
[4] In theory defendant could have moved for a new trial based on the error of the trial court in directing the verdict on the issue of permanency, but defendant has elected not to do so.