699 So.2d 767 (1997)
Lila SPARKS-BOOK and Edward A. Book, Jr., her husband, Appellants,
v.
The SPORTS AUTHORITY, INC., Appellee.
No. 96-2491.
District Court of Appeal of Florida, Third District.
September 3, 1997.
Rehearing Denied October 15, 1997.
*768 Robert C. Maland, Miami; Dorothy F. Easley, Coral Gables, for appellants.
Fertig and Gramling and Frank L. Gramling, and Darlene M. Lidondici and Elizabeth J. Gregovits, Fort Lauderdale, for appellee.
Before NESBITT, LEVY and GODERICH, JJ.
NESBITT, Judge.
Plaintiffs-appellants appeal an adverse final judgment and the lower court's denial of their motion for a new trial. We reverse.
Lila Sparks-Book was shopping with her husband at The Sports Authority on August 23, 1992. There, a camping stove was accidentally knocked off a shelf by an employee and it landed on Sparks-Book's head. She filed suit, along with her husband who filed a loss of consortium claim. The Sports Authority admitted liability but contested damages.
The main issue at trial was the extent to which Sparks-Book's physical ailments were attributable to the accident at The Sports Authority. At the end of the trial, the jury answered "No" to the question: "Was the negligence on the part of Defendant, The Sports Authority, Inc. the legal cause of any loss, injury or damage to Plaintiff Lila Sparks-Book?" That finding ended the case, and the trial court entered final judgment in The Sports Authority's favor. The trial court later denied the plaintiffs' motion for a new trial which contended, in short, that the verdict was against the manifest weight of the evidence.
At a minimum, the plaintiff was entitled to recover for those medical expenses incurred for any diagnostic testing which was reasonably necessary to determine whether the accident caused her injuries. See Blanford v. Polk County, 410 So.2d 667, 669 (Fla. 2d DCA 1982); see also Noralyn O. Harlow, Annotation, Recoverability from tortfeasor of cost of diagnostic examinations absent proof of actual bodily injury, 46 A.L.R.4th 1151 (1986). It is undisputed that paramedics were called to the scene of the accident and that Sparks-Book was transported to an emergency room. There, x-rays were taken of Sparks-Book's jaw, shoulder, and neck.
Consequently, we reverse and remand for a new trial on the question of the plaintiffs' damages.[1]
NOTES
[1] With respect to the plaintiffs' contention that the first question on the verdict form was inconsistent with the defendant's admission of liability, we refer the parties to Rucker v. Garlock, Inc., 672 So.2d 100 (Fla. 3d DCA 1996). There, in a trial solely on damages we held: "[E]ven with causation not at issue, plaintiff was still obligated to prove some connexity between the damages claimed and the [defendant's tortious conduct]." Id. at 102.