780 So.2d 929 (2001)
George E. MARTIN, Appellant,
v.
John Jeffrey CHAPMAN, Appellee.
No. 5D00-886.
District Court of Appeal of Florida, Fifth District.
February 2, 2001.
Rehearing Denied March 20, 2001.
Richard A. Sherman and Rosemary B. Wilder of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale and Scott A. Turner of The Turner Law Firm, L.L.C., Melbourne, for Appellant.
R. Lee Dorough, Orlando, for Appellee.
COBB, J.
Martin appeals from an order granting Chapman a new trial following the return of a defense verdict in Chapman's action to recover damages for personal injuries allegedly sustained in an automobile accident. We reverse, finding that the trial court abused its discretion in ordering a new trial.
Martin admitted liability below but vigorously contested damages. During the *930 seven day trial, conflicting evidence was presented reflecting a substantial factual dispute on the issues of causation and permanency. The jury returned a zero verdict finding that Martin's negligence was not a legal cause of damage to Chapman.
The trial court, in ordering a new trial, expressed concern that the jury failed to award any damages "despite unrefuted evidence of an emergency room bill for $710.00 incurred due to the accident." This bill encompassed an examination and diagnostic tests (conducted shortly after the accident) which resulted in a diagnosis of a cervical and lumbar sprain. At the hearing on motion for new trial, the court stated that if the jury had come back with even a $100.00 recovery for the emergency room visit, the court "would have had no problem with this case."
The jury's verdict, insofar as the issue of causation of injury is concerned, is not against the manifest weight of the evidence. See Ridenour v. Sharek, 388 So.2d 222 (Fla. 5th DCA 1980), review denied, 392 So.2d 1379 (Fla.1981). However, the plaintiff's entitlement to recovery for the undisputed emergency room bill was clear. Contrary to the comment by the trial judge, a nominal award of $100.00 would not have sufficed in the absence of an additur (which was requested by the defendant) that would have resulted in an award of at least $710.00.
The plaintiff could have moved for and received a directed verdict on the issue of recovery for the diagnostic bills. Id. at 223. However, in failing to so move, the plaintiff elected to leave this issue up to the jury. Counsel then expressly invited the jury to return a verdict on an all-or-nothing basis,[1] thereby waiving any objection to the fact that the jury accepted the invitation and came back with nothing. Given such waiver, the plaintiff's reliance on our prior opinion in Peek v. Stevens, 395 So.2d 617 (Fla. 5th DCA 1981) is misplaced.
Moreover, Peek is an aberrant case insofar as it purported to rely on our prior opinion in Ridenour. Both cases dealt with established liability followed by zero jury verdicts. Yet, in contravention of our holding in Ridenour that the defense verdict in regard to causation of injury would not be disturbed, and a new trial granted only on diagnostic expenses, Peek inexplicably reversed the factual finding by the jury in toto and granted a new trial on all claimed damages. Peek was not decided en banc, so we must assume there was some factor in Peek, although not explicated in the opinion, which led the panel to conclude that the jury was misled. Neither Peek nor Ridenour considered whether an additur would have been appropriate.
We reverse the order granting a new trial and remand for entry of final judgment on the verdict.
REVERSED.
ORFINGER, R.B., J., concurs.
SAWAYA, J., concurs in result only.
NOTES
[1] During closing argument Chapman's counsel implored the jury that "if you think that [Chapman] was faking when he was on this witness stand, just say he's not hurt and we'll all go home."