812 So.2d 473 (2002)
Sinecio LEAL, Jr., Appellant,
v.
WATERPROOFING SYSTEMS OF MIAMI, INC., Appellee.
No. 3D01-1550.
District Court of Appeal of Florida, Third District.
March 6, 2002.
Rehearing Denied April 17, 2002.
Chasin & Baron and Keith Chasin, Miami, for appellant.
Richard A. Sherman (Fort Lauderdale); Alan L. Landsberg and Jorge Maxion (Hollywood), for appellee.
Before JORGENSON, SHEVIN, and SORONDO, JJ.
PER CURIAM.
Sinecio Leal, the plaintiff below, appeals from an adverse final judgment in a personal injury action. Leal sued Waterproofing Systems of Miami, Inc. ("Waterproofing") for neck and ankle injuries allegedly sustained in a 1996 automobile accident. Waterproofing admitted liability and a jury rendered a defense verdict finding that Leal's claimed damages were not caused by the accident. We affirm in part and reverse in part.
We find no error in the trial court's denial of Leal's motion for a directed verdict on the issue of whether Leal's claimed injuries were caused by the accident. See Sparks-Book v. The Sports Authority, Inc., 699 So.2d 767, 768 n. 1 (Fla. 3d DCA 1997) ("`Even with causation not at issue, plaintiff was still obligated to prove some connexity between the damages claimed and the [defendant's tortious conduct].'" (quoting Rucker v. Garlock, Inc., 672 So.2d 100 (Fla. 3d DCA 1996))). There was sufficient evidence for the jury to find that Leal's neck injuries preexisted the accident. See Easkold v. Rhodes, 614 So.2d 495 (Fla.1993); Katz v. Ghodsi, 682 So.2d 586 (Fla. 3d DCA 1996).
However, we agree with Leal that the trial court erred in denying his motion for a directed verdict on the issue of recovery for diagnostic bills. See Sparks-Book v. The Sports Authority, Inc., 699 So.2d 767 (Fla. 3d DCA 1997) ("At a minimum, the plaintiff was entitled to recover for those medical expenses incurred for any diagnostic testing which was reasonably necessary to determine whether the accident caused her injuries"); Martin v. Chapman, 780 So.2d 929 (Fla. 5th DCA 2001).
*474 We find no merit in Leal's remaining points on appeal. See Katz, 682 So.2d at 587 (holding that plaintiff's motion for a new trial should have been denied because "it was solely for the jury to resolve these conflicts and consider the weight of the disputed testimony"); Easkold v. Rhodes, 614 So.2d 495, 497 (Fla.1993) (holding that where the plaintiff gave a materially untruthful medical history to the doctors, the jury was justified in disregarding the medical expert's opinion testimony).
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.