ROTHENBERG, J.
The defendant, Allstate Property and Casualty Insurance Company (“Allstate”), appeals from an order granting the plaintiff, Juan M. Flores (“the plaintiff’), a new trial. Finding no abuse of the trial court’s discretion, we affirm.
In November 2006, the plaintiffs vehicle was struck from behind while he was stopped at a Miami intersection. Nine days later, the plaintiff sought medical attention, which included a series of diagnostic tests. Thereafter, the plaintiff sued Allstate, his underinsured motorist insurance carrier. The trial court entered summary judgment in favor of the plaintiff on liability, and the matter proceed to a jury trial on damages.
The jury determined that the accident was not a legal cause of any injuries to the plaintiff and awarded zero damages. The trial court granted the plaintiffs subsequent motion for a new trial, finding that the jury verdict was “contrary to the manifest weight of the evidence that plaintiff required some reasonable diagnostic testing.” This appeal followed.
“When reviewing the order granting a new trial, an appellate court must recognize the broad discretionary authority of the trial judge and apply the reasonableness test to determine whether the trial judge committed an abuse of discretion.” Brown v. Estate of Stuckey, 749 So.2d 490, 497-98 (Fla.1999). In such a case, the appellant faces a “heavy burden,” and must establish that the trial court’s abuse of discretion is “clear from the record.” Id. at 496; see Castlewood Int’l Corp. v. LaFleur, 322 So.2d 520, 522 (Fla.1975) (holding that there must be a strong showing to upset an order granting a new trial, a heavy burden rests on those seeking to overturn such an order, and any abuse of discretion must be patent from the record).
In granting the plaintiff a new trial, the trial court relied on Sparks-Book v. Sports Authority, Inc., 699 So.2d 767, 768 (Fla. 3d DCA 1997). In Sparks-Book, this Court reversed an order denying the plaintiffs motion for a new trial, holding that “[a]t a minimum, the plaintiff was entitled to recover for those medical expenses incurred for necessary diagnostic testing which [were] reasonably necessary to determine whether the accident caused her injuries.” Id. Allstate correctly notes that there was record evidence to support the jury’s conclusion that the plaintiffs injuries were not caused by the subject accident. However, no evidence was presented that any of the diagnostic tests that were performed were not reasonable or necessary to determine whether the accident caused the plaintiffs complained-of *96 injuries. Thus, we agree with the trial court that Sparks-Book controls.[1]
Accordingly, because Allstate cannot establish that the trial court’s decision to grant the plaintiff a new trial was unreasonable, or point to a patent abuse of the trial court’s discretion, we affirm.
Affirmed.

. The trial court's finding and our affirmance on appeal does not present a conflict with Plana v. Sainz, 990 So.2d 554 (Fla. 3d DCA 2008), because in Plana there was conflicting expert testimony as to whether the diagnostic tests performed were necessary or appropriate.