KLINGENSMITH, J.
Appellants, Carmen Hernandez and Carmen Feliz, were plaintiffs in a lawsuit resulting from an automobile, accident. In that accident, their car was rear-ended by defendant Alexis Gonzalez who was driving a car owned by co-defendant Linda Gonzalez. Both Hernandez and Feliz were taken to the hospital from the scene of the accident by ambulance for evaluation. In the months thereafter, both sought medical treatment for physical problems they claimed were a result of the accident. At the conclusion of trial, the jury returned a zero damages verdict against both Hernandez and Feliz. These appellants now appeal from the denial of their respective motions for new trial on the grounds that the verdict was against the manifest weight of the evidence. For the reasons set forth below, we affirm the trial court’s denial of these motions.
“The appropriate standard of review applied to a trial court’s denial of a motion for a new trial is whether the trial court abused its discretion.” Izquierdo v. Gyroscope, Inc., 946 So.2d 115, 117 (Fla. 4th DCA 2007); see also Smith v. Brown, 525 So.2d 868, 870 (Fla.1988) (claim that verdict is against the manifest weight of the evidence is reviewable under the abuse of discretion standard). Appellants assert that the trial court abused its discretion in denying their motions for new trial, citing the jury’s failure to find that the accident caused damage, and failure to award them the cost of medical treatment at the accident scene and emergency room.
*990 At trial, the appellees admitted negligence but disputed both causation and damages. In them defense, appellees presented evidence to support their claim that Hernandez had a history of significant preexisting injuries that was the cause of all of the medical treatment and expenses she subsequently incurred. Appellees also presented evidence during trial suggesting Feliz was not injured at all in the accident, including one witness who testified Feliz was seen laughing and giggling at the hospital soon thereafter. Both appellants denied these allegations and presented evidence to refute those claims. Appellees never disputed the reasonableness of the cost of medical treatment provided to appellants at the scene of the accident or at the hospital immediately afterwards. It was also undisputed that these expenses were incurred as a direct result of the accident. However, at the close of evidence during trial, neither Hernandez nor Feliz moved for directed verdict on their entitlement to these costs.
All parties agreed to the verdict form submitted to the jury for deliberation. On that form, the following question was asked:
Was the negligence on the part of the [sic] Alexis Gonzalez, who was the driver of the vehicle owned by Linda Gonzalez, a legal cause of loss, injury, or damage to the Plaintiff [Hernandez or Feliz]?
This verdict form question was referenced in the closing arguments presented by both sides. Each attorney argued that if the jury found the appellants were not injured from the accident, they should check “no” as to that question on the verdict form. In fact, the appellants’ counsel made the following argument during his closing:
Number one on both of [the verdict forms]: Was the negligence on the part of Alexis Gonzalez, who was the driver of the vehicle owned by Linda Gonzalez, a legal cause of loss, injury or damage to the plaintiff, Carmen Hernandez and the other one says Carmen Feliz. They’ve already admitted that they were negligent, okay, did their negligence cause damage? Of course it did, okay, the extent of the damage is something that I think you all are really going to have to talk to each other about, but of course, the answer to number one is yes. You have the option to check no, and if you think that there’s some kind of thing, if you think that Carmen Hernandez or Carmen Feliz weren’t injured at all, suffered nothing because they got rear ended, then check no, and we’re done, but if you think that they had an injury of whatever extent, the answer to number one is yes on both.
(Emphasis added). The jury returned its verdict, finding that the defendants’ negligence was not the legal cause of loss, injury or damage to the plaintiffs.
We find no error in the trial court’s denial of both motions for a new trial on whether the appellants’ claimed injuries were caused by the accident. Although the appellees admitted negligence, causation was a disputed issue on which both plaintiffs bore the burden of proof at trial. See Sparks-Book v. Sports Auth., Inc., 699 So.2d 767, 768 n. 1 (Fla. 3d DCA 1997) (“ ‘[E]ven with causation not at issue, plaintiff was still obligated to prove some connexity between the damages claimed and the [defendant’s tortious conduct].’” (quoting Rucker v. Garlock, Inc., 672 So.2d 100, 102 (Fla. 3d DCA 1996))). Where there is a dispute as to whether a plaintiffs injuries resulted from the subject accident, a verdict awarding the plaintiff only a portion of his or her damages, or perhaps none at all, does not require a new trial as a matter of law. Beauvais v. *991 Edell, 760 So.2d 262, 264 (Fla. 4th DCA 2000).
Hernandez presented expert testimony at trial to support her claim for causation and damages. To counter this evidence, an expert for the defense opined Hernandez suffered from a pre-existing condition, and stated that the accident did not cause or contribute to her medical condition. Therefore, the jury’s conclusion that she was not damaged as a result of the accident was not against the manifest weight of the evidence. See Wald v. Grainger, 64 So.3d 1201, 1205-06 (Fla.2011) (when a medical expert’s opinion is predicated on an incomplete or inaccurate medical history, the jury is free to reject the expert medical testimony); Easkold v. Rhodes, 614 So.2d 495, 498 (Fla.1993) (where the plaintiff gave a materially untruthful medical history to the doctors, the jury was justified in disregarding the opinion testimony of plaintiffs medical expert); Katz v. Ghodsi, 682 So.2d 586, 588 (Fla. 3d DCA 1996) (plaintiffs motion for a new trial properly denied because “it was solely for the jury to resolve these conflicts and consider the weight of the disputed testimony”). As such, the trial court did not abuse its discretion in denying Hernandez’s motion for new trial.
Likewise, the trial court’s denial of the motion for new trial filed by Feliz was not an abuse of discretion. Although Feliz presented evidence that she suffered an injury to her neck from the accident, the defense countered that testimony with evidence casting doubt on her claims. A jury may reject medical testimony, even on un-controverted issues, provided it has a reasonable basis to do so, such as where there is conflicting lay testimony. See Weygant v. Ft. Myers Lincoln Mercury, Inc., 640 So.2d 1092, 1094 (Fla.1994); Easkold, 614 So.2d at 498; Fell v. Carlin, 6 So.3d 119, 121 (Fla. 2d DCA 2009) (“[I]f the jury had a reasonable basis to conclude Fell was not candid with his doctors, it also had a basis to reject their opinions about whether he was injured as a result of the accident.”). The law is also well-settled that a jury is entitled to reject evidence of past medical expenses in rendering its verdict. Frei v. Alger, 655 So.2d 1215, 1216 (Fla. 4th DCA 1995). Here, the jury could accept or reject the evidence presented by Feliz, but decided by its verdict she did not suffer any loss, injury or damage from the accident.
It is generally true that even when a jury finds the plaintiff was not injured as a result of the subject accident, the plaintiff is nonetheless entitled to recover any expenses incurred for medical examinations and diagnostic testing reasonably necessary to determine whether the subject accident caused the injuries. See Sparks-Book, 699 So.2d at 768; Blanford v. Polk Cnty., 410 So.2d 667, 669 (Fla. 2d DCA 1982); Peek v. Stevens, 395 So.2d 617, 617-18 (Fla. 5th DCA 1981); Ridenour v. Sharek, 388 So.2d 222, 224 (Fla. 5th DCA 1980). As such, appellants suggest that this court’s recent decision in Pack v. Geico General Insurance Co., 119 So.3d 1284 (Fla. 4th DCA 2013), supports their request for a new trial. In Pack, we reaffirmed the general rule that a plaintiff may recover the cost of medical expenses for diagnostic testing which were reasonably necessary to determine whether the accident caused injuries, regardless of whether or not the jury ultimately finds the accident to be the legal cause of those claimed injuries.
However, this court also noted in Pack that there are exceptions to this general rule that could allow a jury to award a zero verdict, regardless of the medical expenses incurred. For example, an exception can apply when sufficient evidence is *992 presented at trial regarding certain factors, including but not limited to pre-exist-ing injuries with extensive treatments, lack of candor with treating physicians, videotapes that show actual physical capabilities, and expert medical opinions which conflict as to causation. See State, Dep’t of Transp. v. Rosario, 782 So.2d 927, 928 (Fla. 2d DCA 2001) (affirming a zero jury verdict where the evidence supported the jury’s conclusion that the plaintiff suffered no damages as a result of the accident). The evidence presented at trial regarding the appellants’ claims was sufficient to support the existence of one or more of these factors; thus, an exception to the above-stated general rule applies here as well.
Further, entitlement to certain elements of damages as a matter of law can also be waived. Here, appellants could have moved for a directed verdict on the issue of recovery for the cost of medical treatment at both the accident scene and emergency room. See Sparks-Book, 699 So.2d at 768; Ridenour, 388 So.2d at 223. Instead, they elected to leave this decision to the jury by asking them to return a verdict in this case on an “all-or-nothing” basis. This is analogous to the case of Martin v. Chapman, 780 So.2d 929 (Fla. 5th DCA 2001), where the defendant admitted liability but vigorously contested damages at trial. The jury in Martin returned a zero verdict finding that defendant’s negligence was not a legal cause of damage to plaintiff. The trial court ordered a new trial due to concerns that the jury failed to award any damages, “despite unrefuted evidence” of an emergency room bill incurred due to the accident. In reversing the order granting a new trial, the Fifth District noted that when a plaintiff fails to move for directed verdict on entitlement to these damages, they are electing to leave this issue up to the decision of the jury. As in the case at bar, trial counsel in Martin also expressly invited the jury in closing to return a verdict on an “all-or-nothing” basis, arguing to the jury that “if you think that [Chapman] was faking when he was on this witness stand, just say he’s not hurt and we’ll all go home.” Id. at 930 n. 1. The Fifth District found that by utilizing this argument, plaintiff had waived any objection to the fact that the jury accepted this invitation and came back with nothing.
Appellants’ failure to object to the verdict form and jury instructions also prevents us from revisiting the jury verdict. In Plana v. Sainz, 990 So.2d 554 (Fla. 3d DCA 2008), an adverse final judgment was entered against a plaintiff following the jury’s zero verdict in a personal injury action. Plaintiff alleged on appeal that the trial court erred by denying the plaintiffs motion for new trial, where the jury failed to award expenses incurred for diagnostic testing to determine whether plaintiffs complained-of injuries were a result of the subject accident. The Third District held that because the plaintiff failed to object to the verdict form and the trial court’s instructions, they waived any objection to the zero damage award. In Plana, counsel for the plaintiff agreed to the wording of the verdict form, which instructed the jury that if it found the subject accident was not the legal cause of plaintiffs injury, it should proceed no further except to sign the verdict form. By consenting to the wording used on the verdict form, the plaintiff was precluded from asserting on appeal that the zero damage award entered by the jury was error.
Both Martin and Plana stand for the proposition that granting a new trial under the circumstances presented here is unwarranted, because “the jury cannot be faulted for doing exactly what it was instructed to do.” Plana, 990 So.2d at 557; see also Beverly Health & Rehab. Servs., Inc. v. Freeman, 709 So.2d 549, 551 (Fla. *993 2d DCA 1998) (plaintiff “waived the issue of nominal damages by agreeing to the verdict form that instructed the jury to skip the damages issue if its answer to the causation question was ‘no’ ”); Papcun v. Piggy Bag Disc. Souvenirs, Food & Gas Corp., 472 So.2d 880, 881 (Fla. 5th DCA 1985) (citing to well-established Florida law that “failure to object to a verdict form regarding defects not of a constitutional or fundamental character constitutes a waiver of such defects”).
Appellants’ counsel expressly asked the jury in his closing argument to return a verdict against his clients as to all of their damages should they find that the evidence failed to support their claims. This type of argument, employed by both the attorney in Martin and by appellants’ counsel, is intended to enhance counsel’s credibility and trust with the jury. However, this strategy also has the concomitant risk that the jury will indeed accept the proffered invitation, and deliver to counsel an adverse result for his client. Counsel took this calculated risk when he submitted the appellants’ damages claims to the jury in toto. That this strategy failed neither requires nor permits this court to grant a new trial. See, e.g., E.I. Du Pont De Nemours & Co. v. Native Hammock Nursery, Inc., 698 So.2d 267, 273 (Fla. 3d DCA 1997); Saxon v. Chacon, 539 So.2d 11, 12 (Fla. 3d DCA 1989); Diaz v. Rodriguez, 384 So.2d 906 (Fla. 3d DCA 1980). As stated in Saxon:
Obviously, counsel for plaintiff [who had refused to move for a mistrial] wanted to take his chances with the jury on the state of the evidence adduced below; having gambled and lost when the jury returned an adverse verdict, he cannot now be heard to ask belatedly for a new trial ....
Saxon, 539 So.2d at 12.
A party cannot successfully complain about an error for which he or she is responsible or of rulings that he or she has invited the trial court to make. Gupton v. Village Key & Saw Shop, 656 So.2d 475, 478 (Fla.1995). Appellants’ inability to recover certain elements of damages in this case was a foreseeable potential outcome of counsel’s trial strategy and not a result of any error by the trial court. Taylor v. Bateman, 927 So.2d 1024 (Fla. 4th DCA 2006); Fuller v. Palm Auto Plaza, Inc., 683 So.2d 654 (Fla. 4th DCA 1996). By seeking to have the jury decide the issue of appellees’ liability for all damages rather than moving for directed verdict on any or all of those damages, appellants cannot now successfully claim error simply because the jury returned a zero verdict. See Gupton, 656 So.2d at 478; see also Sheffield v. Superior Ins. Co., 800 So.2d 197, 202 (Fla.2001) (quoting Goodwin v. State, 751 So.2d 537, 544 n. 8 (Fla.1999)) (Under the rule of invited error, “ ‘a party may not make or invite error at trial and then take advantage of the error on appeal.’ ”).

Affirmed.

TAYLOR and LEVINE, JJ., concur.