NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


NELLY BUITRAGO and GUSTAVO           )
ZAPATA,                              )
                                     )
          Appellants,                )
                                     )
v.                                   )          Case No. 2D14-47
                                     )
BRIDGET FEASTER,                     )
                                     )
          Appellee.                  )
_____)

Opinion filed December 31, 2014.

Appeal from the Circuit Court for Pinellas
County; Mark I. Shames, Judge.

Mark D. Tinker and Charles W. Hall of
Banker Lopez Gassler, P.A., St. Petersburg,
for Appellants.

Robert E. Heyman of Heyman Law Firm,
P.A., St. Petersburg, for Appellee.



VILLANTI, Judge.


          Nelly Buitrago and Gustavo Zapata appeal from the trial court's Order on

Motions for Additur, Remittitur, and for New Trial, in which the court granted Bridget

Feaster's motion for a new trial on future noneconomic damages and denied Appellants'

motions for new trial on all issues.  We affirm the denial of Appellants' motions without

further discussion.  However, we must reverse the portion of the court's order that granted Feaster's motion for new trial because the court's decision was based on an erroneous view of the law and therefore constitutes an abuse of discretion.

Feaster was injured in a four-car collision caused by Zapata, who was driving Buitrago's truck.  Following a lengthy trial, the jury ultimately found Buitrago and Zapata liable to Feaster and awarded Feaster $55,819.34 for past medical expenses, $450,000 in future medical damages, $442.40 for lost wages, $25,000 for past noneconomic damages, and nothing for future noneconomic damages.  Feaster moved for a new trial, claiming that the evidence and verdict established that she was legally entitled to future noneconomic damages.  In arguing her motion, Feaster relied on Allstate Insurance Co. v. Manasse, 681 So. 2d 779 (Fla. 4th DCA 1996), for the proposition that the jury's finding of a permanent injury automatically entitled her to recover future noneconomic damages as a matter of law.  After hearing the parties' arguments on the motion, the court apparently agreed and granted Feaster a new trial on the issue of future noneconomic damages.

Because it was the sole argument raised at the hearing and the court granted Feaster's motion without making any specific findings,[1] we are compelled to conclude that the court based its ruling on the argument that the jury must award future noneconomic damages as a matter of law when it finds that the plaintiff suffers a permanent injury.  However, this view of the law was expressly rejected by the Florida Supreme Court when it held in Allstate Insurance Co. v. Manasse, 707 So. 2d 1110

---

[1]The trial court's written order, devoid of any grounds for granting the new trial, would have required this court to remand in and of itself.  See Fla. R. Civ. P. 1.530(f); Wackenhut Corp. v. Canty, 359 So. 2d 430 (Fla. 1978).

- 2 -

(Fla. 1998), that a verdict is not inadequate as a matter of law when the jury finds a plaintiff has suffered a permanent injury but does not award future intangible damages.

The correct standard to apply in considering a motion for new trial based on an allegedly inadequate award of noneconomic damages is whether the verdict was against the manifest weight of the evidence. See Cloud v. Fallis, 110 So. 2d 669, 673 (Fla. 1959). However, Feaster failed to argue this standard to the trial court, and the record makes it clear that the trial court did not consider the weight of the evidence in granting Feaster a new trial on noneconomic damages. The trial court then seemingly based its decision on an erroneous view of the law, and thus committed an abuse of discretion when it granted Feaster a new trial. See Tri-Pak Machinery, Inc. v. Hartshorn, 644 So. 2d 118 (Fla. 2d DCA 1994). When, as here, "the appellate court cannot determine whether the trial court would have granted a new trial but for the error of law, . . . then the proper remedy is to remand the case to the trial court for reconsideration in light of the correct legal principles." Van v. Schmidt, 122 So. 3d 243, 260 (Fla. 2013). Accordingly, we must reverse the order granting Feaster a new trial on noneconomic damages.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.


KELLY, J., and PLEUS, ROBERT J., JR., ASSOCIATE SENIOR JUDGE, Concur.

- 3 -