LAMBERT, J.
Jennifer Schwartz filed suit against Wal-Mart Stores, Inc. (“Wal-Mart”) alleg *473 ing that as a result of the negligence of Wal-Mart’s employees, she was struck in the back by an ornamental pumpkin[1] while shopping and, as a result, sustained injuries. Wal-Mart admitted that its employees committed a negligent act but vigorously contested causation and damages. After a three-week trial, the jury returned a zero-damages verdict, finding that Wal-Mart was not the legal cause of Schwartz’s claimed loss, injury, or damages. Thereafter, the trial court granted Schwartz’s motion for new trial as to “issues of damages for initial medical evaluation sought by [Schwartz] after the accident and nothing more.” (emphasis added). Schwartz appeals this order, contending that the retrial on damages should not be so limited. Wal-Mart cross-appeals, arguing that based on the trial evidence and the jury’s finding, the trial court erred in granting the new trial. We agree with Wal-Mart and reverse and remand for reinstatement of the jury verdict.
We ordinarily review an order granting a motion for new trial under an abuse of discretion standard. Brown v. Estate of Stuckey, 749 So.2d 490, 497-98 (Fla.1999). However, when a motion for new trial addresses only issues of law, as here, our review is de novo. Van v. Schmidt, 122 So.3d 248, 258-59 (Fla.2013).
To prevail on her negligence claim, Schwartz had to prove four elements: duty of care, breach of that duty, causation, and damages. Kaplan v. Morse, 870 So.2d 934, 937 (Fla. 5th DCA 2004). Causation is an essential element of negligence, and a plaintiff is entitled to recover only for injury, loss, or damage caused by a defendant’s negligence. Jordan v. Lamar, 510 So.2d 648, 649 (Fla. 5th DCA 1987). The existence of a duty of care is generally a question of law to be determined by the court, while breach, causation, and damages are generally questions to be decided by the trier of fact. Jackson Hewitt, Inc. v. Kaman, 100 So.3d 19, 28 (Fla. 2d DCA 2011).
At trial, Schwartz presented considerable evidence suggesting that she sustained an injury and damages as a result of the ornamental pumpkin striking her in the back. Wal-Mart countered with expert testimony from, among others, a biomedical engineer who opined that the degree of force exerted when the pumpkin struck Schwartz was “well below [the] injury producing threshold.” At the close of evidence, Schwartz moved for a directed verdict as to the issue of causation. The trial court denied the motion, as there was conflicting testimony regarding whether Schwartz could have suffered any type of injury as a result of the incident in question. This ruling has not been challenged on appeal.
In her motion for new trial, Schwartz argued that even though the jury found in favor of Wal-Mart on the issue of causation, the failure to award her damages for at least the cost of the initial medical evaluations was error because it was undisputed that Schwartz sought medical care and treatment almost immediately after the incident. On appeal, Schwartz cites to the general rule that even when a jury finds that a plaintiff was not injured as a result of the subject accident, the plaintiff is still entitled to recover those expenses incurred for medical examination and diagnostic testing reasonably necessary to determine whether the incident caused injuries. See Sparks-Book v. Sports Auth., Inc., 699 So.2d 767, 768 (Fla. 3d DCA 1997). However, exceptions to this rule allow a jury to return a zero-damages verdict, despite the medical ex *474 penses incurred for diagnostic testing, such as “when sufficient evidence is presented at trial regarding certain factors, including but not limited to pre-existing injuries with extensive treatments, lack of candor with the treating physicians, video tapes that show actual physical capabilities, and expert medical opinions which conflict as to causation.” Hernandez v. Gonzalez, 124 So.3d 988, 991-92 (Fla. 4th DCA 2013). Here, Wal-Mart presented expert testimony from a biomedical engineer that sufficiently supported the conclusion that the impact could not have caused any injury to Schwartz. Therefore, because an exception to the above-stated general rule applies, we find that the trial court erred in granting the motion for new trial on the issue of damages for Schwartz’s initial medical evaluations.
We also conclude that the failure of Schwartz to object to the verdict form and the jury instructions preclude her from relief. Question one on the agreed upon verdict form asked the jury to determine whether the negligence on the part of Wal-Mart was a legal cause of “loss, injury or damage” to Schwartz. The jury was further instructed that if it answered this first question “No,” it should proceed no further other than to date and sign the verdict form. Notably, Schwartz did not request that the court include an additional paragraph on the verdict form whereby if the jury answered this first question “No,” then the jury would next be asked to determine whether it was reasonable and necessary for Schwartz to have incurred medical expenses for her initial diagnostic care and, if so, the amount of those expenses. Additionally, Schwartz never moved for a directed verdict on the issue of recovery for these diagnostic bills. In failing to do so, she elected to leave this issue up to the jury. Martin v. Chapman, 780 So.2d 929, 930 (Fla. 5th DCA 2001). Therefore, because there was sufficient evidence to support the jury’s finding that Wal-Mart did not cause Schwartz any loss, injury, or damage, and because Schwartz elected to leave this issue up to the jury, we find that the granting of a new trial was unwarranted. Accordingly, we reverse the order granting Schwartz’s motion for new trial and remand for the reinstatement of the verdict and the entry of a final judgment in favor of Wal-Mart.
REVERSED and REMANDED.
LAWSON, J., and JACOBUS, B.W., Senior Judge, concur.

. The pumpkin weighed 8.4 ounces and was "squishy.”