# Third District Court of Appeal

## State of Florida

Opinion filed October 5, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2509
Lower Tribunal No. 12-10550
_____

**Evan Finkel and Julie Finkel,**
Appellants,

vs.

**Yarielsi Batista and Rodney Sanchez,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Gisela Cardonne Ely, Judge.

Cole, Scott & Kissane, P.A., and Scott A. Cole, for appellants.

Feiler & Leach, P.L., and Martin E. Leach, for appellees.

Before WELLS, LOGUE, and SCALES, JJ.

LOGUE, J.

Evan Finkel and Julie Finkel, the defendants in the underlying lawsuit, appeal the order granting Yarielsi Batista and Rodney Sanchez, the plaintiffs, a new trial after the jury awarded the plaintiffs no damages. The trial court based its decision on the general rule that a plaintiff is entitled to recover at least the medical expenses incurred for any diagnostic testing reasonably necessary to determine whether an accident caused injury. See Sparks-Book v. Sports Authority, Inc., 699 So. 2d 767, 768 (Fla. 3d DCA 1997). We reverse because exceptions to this general rule apply, sufficient evidence supported the jury's verdict, and the plaintiffs failed to object to the verdict form that invited the jury to return a verdict on an "all-or-nothing" basis.

## FACTS AND PROCEDURAL HISTORY

Mr. Finkel and Ms. Batista were involved in a minor fender-bender car accident. Ms. Batista and her husband, Mr. Sanchez, brought suit against Mr. Finkel and his mother, Julie Finkel, who owned the vehicle driven by Mr. Finkel. The trial court bifurcated the trial between liability and causation and damages. Following the liability trial, the jury found Mr. Finkel 100% liable for the accident. The trial court then held a trial on whether the accident caused loss, injury, or damage to Ms. Batista. Both parties presented expert medical opinions in their favor.

Ms. Batista's crucial witness, her treating orthopedic surgeon, explained why he concluded that the accident at issue caused a partial, permanent injury to her lower back. On cross examination, however, he admitted that Ms. Batista failed to disclose other accidents. After the accident at issue, and before the orthopedic surgeon diagnosed Ms. Batista, she had been involved in another car accident and a slip-and-fall incident. Those undisclosed incidents led to hospital visits to treat back pain. Ms. Batista's orthopedic surgeon admitted that had he been aware of those undisclosed incidents, he may have changed his opinion regarding whether the accident at issue caused Ms. Batista's back pain. Other evidence at trial indicated that the minor fender-bender car accident did not cause Ms. Batista injury.

The parties also presented expert testimony on the diagnostic tests performed on Ms. Batista shortly after the car accident at issue. The defendants' expert witness testified that certain diagnostic testing was reasonably necessary to determine whether the accident caused injury. But he offered this testimony with an important caveat. He predicated his opinion on the assumption that Ms. Batista's complaints about pain were truthful:

> Q. Did you reach the opinion within a medical probability as to what, if any, medical care or treatment Ms. Batista has incurred since the . . . car accident is reasonable, relatedness to that accident?
>
> A. Yes, sir. So I guess I do have to point out I would say as a—giving Ms. Batista the benefit of the doubt that she was having complaints of

pain after the accident, which I assume to be true, I would say the treatment up until the time when she had the first MRI . . . would have been reasonable.

Q. Why?

A. Well . . . [i]f someone says that they are having pain you assume that they are having pain, but that is a subjective complaint. . . . So once giving her again the benefit of the doubt, justified her complaints of treatment for some therapy as well as the MRI that would have been, I think, reasonable.

(emphasis added).

At the conclusion of the damages trial, the trial court presented the jury with a verdict form similar to the one in Sparks-Book. The plaintiffs did not object to this verdict form. It provided, in pertinent part:

1. Evan Finkel was negligent. Was such negligence the legal cause of loss, injury or damage to the Plaintiff, Yarielsi Batista?

Yes_____          No_____

If you answered "NO" to Question 1, your verdict is for the Defendant, Evan Finkel and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If you answered "YES" to Question 1, please answer Questions 2 and 3.

The jury answered the first question in the negative, finding that the accident was not the legal cause of loss, injury, or damage to Ms. Batista. Consistent with verdict form's instructions, the jury answered no further questions and awarded no damages.

4

The plaintiffs then moved for a new trial, citing to the general rule that a plaintiff is entitled to recover medical expenses incurred for any diagnostic testing reasonably necessary to determine whether the accident caused injury. The defendants countered by contending that exceptions to this general rule applied, specifically, lack of candor with treating physicians and conflicting medical opinions on whether the accident caused any injury. Citing to Sparks-Book, the trial court granted a new trial based on the sole reason that Ms. Batista was "entitled to recover the medical bills incurred for the diagnostic testing after the accident." This appeal followed.[1]

## ANALYSIS

In Sparks-Book, this court acknowledged the general rule that a plaintiff is "entitled to recover for those medical expenses incurred for any diagnostic testing

---

[1] An order granting a new trial is generally reviewed for an abuse of discretion. See Van v. Schmidt, 122 So. 3d 243, 252-53 (Fla. 2013). An erroneous view of the law can constitute an abuse of discretion. Buitrago v. Feaster, 157 So. 3d 318, 320 (Fla. 2d DCA 2014). Moreover, appellate courts apply a de novo standard of review to a trial court's legal conclusions in an order granting a new trial. See Van, 122 So. 3d at 246 ("[A]n appellate court properly applies a de novo standard of review to a trial court's conclusions of law in an order granting a new trial based on the manifest weight of the evidence, giving no deference to the trial court's legal conclusions.").

Under either the abuse of discretion or de novo standard of review, we would reverse the order here because it is based on an erroneous view of the law. We therefore find it unnecessary to resolve the question of which standard of review applies here. Cf. Schwartz v. Wal-Mart Stores, Inc., 155 So. 3d 471, 473 (Fla. 5th DCA 2015) (applying the de novo standard of review to an order granting a new trial where the motion for new trial addressed only issues of law).

which was reasonably necessary to determine whether the accident caused her injuries." 699 So. 2d at 768. But there are exceptions to this general rule. See Hernandez v. Gonzalez, 124 So. 3d 988, 991-92 (Fla. 4th DCA 2013) (providing a non-exhaustive list of exceptions). Examples of such exceptions include lack of candor with treating physicians and conflicting medical opinions on whether the accident caused any injury. See Plana v. Sainz, 990 So. 2d 554, 556-57 (Fla. 3d DCA 2008) (distinguishing Sparks-Book and recognizing these exceptions, among others).

In this case, the parties presented conflicting expert medical opinions on causation. The evidence presented by both parties, including the testimony from Ms. Batista's treating orthopedic surgeon, also demonstrated that Ms. Batista lacked candor with her treating physicians. After the car accident at issue, Ms. Batista had been involved in another car accident and a slip-and-fall incident. Both the slip-and-fall incident and the second car accident led to hospital visits to treat back pain. Ms. Batista's treating orthopedic surgeon admitted that he was unaware of those incidents when he diagnosed her with back pain requiring extensive treatment. He further admitted that had he been aware of those undisclosed incidents, he may have changed his opinion regarding whether the accident at issue caused Ms. Batista back pain. This testimony undermined Ms. Batista's credibility

6

on the issue of whether she suffered from back pain as a result of the car accident at issue.

Admittedly, the defendants' expert witness testified that certain diagnostic testing was reasonably necessary to determine whether the car accident caused injury. But he properly predicated this opinion on the assumption that Ms. Batista's complaints about pain were truthful. It was within the province of the jury to find that Ms. Batista was not truthful, especially given her lack of candor with treating physicians. Such a finding, along with other evidence presented at trial, supported the jury's verdict that the accident at issue caused no injury to Ms. Batista.

The trial court did not make any finding that this verdict was against the manifest weight of the evidence. See Brown v. Estate of Stuckey, 749 So. 2d 490, 497 (Fla. 1999) ("[T]he trial judge has broad discretion in ruling on a motion for a new trial on the grounds that the verdict is contrary to the manifest weight of the evidence. . . . When a trial judge grants the motion for a new trial, he or she must articulate the reasons for the new trial in the order."). Instead, it felt compelled to grant a new trial based on Sparks-Book. As explained above, however, Sparks-Book merely recognized a general rule. Several exceptions to this rule apply here.

Moreover, like the plaintiffs in Plana and Hernandez, the plaintiffs here did not object to the verdict form that invited the jury to return a verdict on an "all-or-nothing" basis. The jury answered the first question presented to it in the negative,

finding that the accident was not the legal cause of loss, injury, or damage to Ms. Batista. Consistent with verdict form's instructions, the jury answered no further questions and awarded no damages. It is well-settled law that "the jury cannot be faulted for doing exactly what it was instructed to do" in these circumstances. Plana, 990 So. 2d at 557; Hernandez, 124 So. 3d at 992. For these reasons, we reverse the order granting a new trial.

The next question we must resolve is the proper remedy for the trial court's legal error. "If the appellate court cannot determine whether the trial court would have granted a new trial but for the error of law . . . then the proper remedy is to remand the case to the trial court for reconsideration in light of the correct legal principles." Van v. Schmidt, 122 So. 3d 243, 260 (Fla. 2013). By contrast, "if the only way that the trial court could have reached the result of granting a new trial was based on the legal error, then the appellate court could properly reverse the trial court's order and remand for reinstatement of the jury's verdict." Id. at 260-61.

Given our review of the order on appeal and the entire record, we conclude that the only way the trial court could have reached the result of granting a new trial was based on the legal error. We therefore remand for reinstatement of the jury's verdict. See Schwartz v. Wal-Mart Stores, Inc., 155 So. 3d 471, 473-74 (Fla.

8

5th DCA 2015) (reversing an order granting a new trial and remanding for reinstatement of the jury's verdict in similar circumstances).

Reversed and remanded for reinstatement of the jury's verdict.