# Third District Court of Appeal

## State of Florida

Opinion filed September 18, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1065
Lower Tribunal No. 2022-0190-CA-01
_____

**Rosalba Mora,**
Appellant,

vs.

**Universal Property & Casualty Insurance Company,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Valiente, Carollo, & McElligott PLLC, and Matthew McElligott, for appellant.

Link & Rockenbach, P.A., Kara Rockenbach Link and David A. Noel (West Palm Beach), for appellee.

Before LOGUE, C.J., and SCALES and GORDO, JJ.

PER CURIAM.

Affirmed.  See Hartzog v. State, 133 So. 3d 570, 573 (Fla. 1st DCA 2014) ("On appeal from an order granting or denying a motion for new trial based on manifest weight of the evidence, we review for abuse of discretion."); Tidwell v. Toca, 362 So. 2d 85, 86 (Fla. 3d DCA 1978) ("A party may not complain of a verdict form to which he does not object."); Plana v. Sainz, 990 So. 2d 554, 557 (Fla. 3d DCA 2008) ("Because counsel for the plaintiffs agreed to the wording of the verdict form . . . the plaintiffs are precluded from asserting that the [verdict] entered by the jury was error."); Hernandez v. Gonzalez, 124 So. 3d 988, 992 (Fla. 4th DCA 2013) ("Appellants' failure to object to the verdict form and jury instructions also prevents us from revisiting the jury verdict . . . 'the jury cannot be faulted for doing exactly what it was instructed to do.'" (quoting Plana, 990 So. 2d at 557)); Alvarez v. Acosta, 324 So. 3d 1033, 1034 (Fla. 3d DCA 2021) ("We cannot reweigh the evidence or determine that the verdict was against the manifest weight of the evidence.  A trial court does not abuse its discretion by denying a new trial motion if there was conflicting evidence presented at trial and the jury's verdict was the product of its weighing that evidence to resolve the conflicts."); Weatherly v. Louis, 31 So. 3d 803, 806-07 (Fla. 3d DCA 2009) ("It is not for this Court to decide which side's evidence is more persuasive or whether the trial court reached the result this Court would have

2

reached.  Our role is limited to determining whether conflicting evidence was presented at trial—if so, we cannot find an abuse of discretion.  Because the evidence was not clear and obvious but was, in fact, conflicting, we are compelled to affirm the final judgment.").